Jarrod Taylor was convicted on four counts of capital murder, see § 13A-5-40(a)(2) and (10), Ala. Code 1975, for the murders of Sherry Gaston, Bruce Gaston, and Steve Dyas during the commission of a first-degree robbery. The jury recommended, by a 7-5 vote, that Taylor be sentenced to life imprisonment without parole. *Page 1217 
The trial judge overrode the jury's recommendation and sentenced Taylor to death by electrocution. The Court of Criminal Appeals affirmed the conviction and the death sentence. Taylor v. State,808 So.2d 1148 (Ala.Crim.App. 2000). This Court granted Taylor's petition for certiorari review, pursuant to Rule 39(c), Ala.R.App. P.,[1] and heard oral arguments. We affirm the judgment of the Court of Criminal Appeals.
 I.
The State's evidence indicated that Jarrod Taylor and Kenyatta McMillan entered the place of business of an automobile dealership known as Steve Dyas Motors, in Mobile, intending to commit a robbery. Taylor pretended to negotiate the purchase of an automobile. Taylor and McMillan came and went from that place of business several times during the day. That evening, Taylor, armed with a .380 caliber pistol, and McMillan, armed with a BB pistol, returned to the dealership; Taylor shot and killed Sherry Gaston, the salesperson with whom he had been pretending to negotiate; Bruce Gaston, her husband; and Steve Dyas, the owner of the business. They stole the automobile Taylor had pretended to be interested in buying and also stole the personal effects of the victims. Taylor and McMillan then fled to Selma in the automobile; they were later apprehended there.
II.
In his petition, Taylor raises a number of issues relating to the merits of his conviction and his sentence, all of which he raised on appeal to the Court of Criminal Appeals, and all of which we have carefully considered in light of his written and oral arguments, the record on appeal, and the opinion of the Court of Criminal Appeals. All these issues were fully and correctly addressed in the opinion of the Court of Criminal Appeals. We write only as to two of them.
 III.
Taylor argues that the trial judge's override of the jury's recommended sentence of life imprisonment without parole violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution and constitutes cruel and unusual punishment, in violation of the Eighth Amendment, because, he says, there is no standard to guide the trial judge in determining whether to accept or to reject the jury's recommended sentence.[2] The absence of a standard, Taylor says, results in an arbitrary and capricious imposition of death sentences in Alabama. Taylor further argues that there is no appellate standard of review for determining whether a trial judge's imposition of the death sentence by overriding a jury's recommendation is appropriate in a particular case. *Page 1218 
The Court of Criminal Appeals stated that "[t]hese precise issues have been decided adversely to Taylor by the United States Supreme Court inHarris v. Alabama, 513 U.S. 504 (1995)." Taylor v. State,808 So.2d 1148 (Ala.Crim.App. 2000). In Harris, the Supreme Court reviewed Alabama's capital-sentencing procedure, which requires the trial judge to "consider" the jury's advisory verdict, but does not require the trial judge to give that verdict any particular weight. See § 13A-5-47, Ala. Code 1975. The Supreme Court held "that the Eighth Amendment does not require the State to define the weight the sentencing judge must accord an advisory jury verdict," 513 U.S. at 512, and it upheld Alabama's capital-sentencing statute. Thus, the Court of Criminal Appeals was correct in stating that the Supreme Court has expressly rejected Taylor's Eighth Amendment claim.
The Supreme Court noted in Harris, however, that the petitioner in that case "[did] not bring an equal protection claim." 513 U.S. at 515. Justice Stevens stated in dissent that Alabama's capital-sentencing procedure violates both the Eighth Amendment and the Due Process Clause, but the majority opinion does not mention any due-process claim.
In Harris, the Supreme Court reasoned that "the hallmark of the analysis is not the particular weight a State chooses to place upon the jury's advice, but whether the scheme adequately channels the sentencer's discretion so as to prevent arbitrary results," 513 U.S. at 504, and that the "disparate treatment of jury verdicts simply reflects the fact that, in the subjective weighing process, the emphasis given to each decisional criterion must of necessity vary in order to account for the particular circumstances of each case." Id. at 515. Thus, the question is whether Alabama's capital-sentencing procedure "adequately channels the [trial judge's] discretion so as to prevent arbitrary results."513 U.S. at 504. We conclude that it does.
The Supreme Court has held that the "danger of an arbitrary and capricious death penalty could be met `by a carefully drafted statute that ensures that the sentencing authority is given adequate information and guidance.'" Eddings v. Oklahoma, 455 U.S. 104, 111 (1982) (quotingGregg v. Georgia, 428 U.S. 153, 195 (1976)). Section 13A-5-47, Ala. Code 1975, provides that the trial judge must order and receive a detailed, written, pre-sentence investigation report; must permit the parties to present arguments concerning aggravating and mitigating circumstances and the proper sentence to be imposed; and must enter specific written findings regarding the existence or nonexistence of each and every aggravating circumstance and mitigating circumstance offered by the parties. § 13A-5-47(b)-(d), Ala. Code 1975. Section 13A-5-47(e) further provides that the trial judge must "determine whether the aggravating circumstances it finds to exist outweigh the mitigating circumstances it finds to exist." In weighing the aggravating and mitigating circumstances, "the trial court shall consider the recommendation of the jury contained in its advisory verdict." Id. We conclude that this capital-sentencing procedure ensures that the trial judge is given adequate information and sufficient guidance in deciding whether to accept or to reject a jury's recommended sentence. See Eddingsv. Oklahoma, 455 U.S. at 111.
The Supreme Court held in Harris that the United States Constitution "permits the trial judge, acting alone, to impose a *Page 1219 
capital sentence" and "is . . . not offended when a State further requires the sentencing judge to consider a jury's recommendation and trusts the judge to give it the proper weight." 513 U.S. at 515. We find this holding applicable to Taylor's particular Fourteenth Amendment claim.
This Court held in Ex parte Jones, 456 So.2d 380 (Ala. 1984), that the Constitution of the United States does not require the "[adoption of] specific limitations on the trial court's power to override the jury's advisory verdict" and that Alabama's capital-sentencing procedure provides sufficient protection for capital defendants because "[t]he whole catalog of aggravating circumstances must outweigh mitigating circumstances before a trial court may opt to impose the death penalty by overriding the jury's recommendation" of life imprisonment. 456 So.2d at 382. Under Alabama's capital-sentencing procedure, the trial judge must make specific written findings regarding the existence or nonexistence of each aggravating circumstance and each mitigating circumstance offered by the parties.[3] § 13A-5-47(d), Ala. Code 1975. In making these findings, the trial judge must consider a jury's recommendation of life imprisonment without parole. See § 13A-5-47(e), Ala. Code 1975 ("in [weighing the aggravating and mitigating circumstances] the trial court shall consider the recommendation of the jury contained in its advisory verdict"). Construing subsection (e) together with subsection (d), we conclude that the trial judge must state specific reasons for giving the jury's recommendation the consideration he gave it. McCausland v.Tide-Mayflower Moving Storage, 499 So.2d 1378, 1382 (Ala. 1986) (stating that subsections of a statute "should be construed together to ascertain the meaning and intent of each"). Therefore, we hold that Alabama's capital-sentencing procedure does not result in the imposition of the death sentence in an arbitrary and capricious manner in violation of the Fourteenth Amendment.
In this case, the trial judge stated that "[t]he sentence recommendation of a properly functioning jury is entitled to great respect." He reasoned, however, that "[w]hile the jurors in this case were cooperative, harmonious, diligent, and attentive, some jurors' outbursts of emotion after they found the defendant guilty of capital murder indicated that they were overwhelmed by their impending duty to consider the death penalty as required by law." The trial judge then concluded that the crimes proved against Taylor were "abominably aggravated and, at best, only faintly mitigated." Thus, the trial judge considered the jury's recommendation, as required by Alabama's death-penalty statute, but permissibly assessed it very little weight, given the particular circumstances of this case. Therefore, we agree with the conclusion of the Court of Criminal Appeals that "the trial court complied with the sentencing scheme of Alabama's death-penalty statute and that the sentence it imposed, overriding the jury's recommendation, met constitutional requirements and was not arbitrary, discriminatory, or fundamentally unfair." Taylor v. State, 808 So.2d at 1190.
Taylor also argues that there is no standard of appellate review for determining whether a trial judge's override of the jury's recommendation is appropriate in a particular case. We disagree. Section 13A-5-53(a), a part of Alabama's capital-sentencing procedure, provides that the *Page 1220 
Court of Criminal Appeals must "review the propriety of the death sentence," and in doing so must "[determine] whether any error adversely affecting the rights of the defendant was made in the sentence proceedings, whether the trial court's findings concerning the aggravating and mitigating circumstances were supported by the evidence, and whether death was the proper sentence in the case." Subsections 13A-5-53(b) and (c) require that "[i]n determining whether death was the proper sentence," the Court of Criminal Appeals "shall explicitly address" the following three questions:
 "(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;
 "(2) whether an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence; and
 "(3) whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant."
§ 13A-5-53(b) and (c), Ala. Code 1975. Thus, in determining whether the trial court's sentence of death was improper, the Court of Criminal Appeals must independently weigh the aggravating and mitigating circumstances and consider the jury's advisory verdict.
The Court of Criminal Appeals independently considered each mitigating circumstance and each aggravating circumstance offered by the parties and discussed by the trial court in its sentencing order. Thus, we hold that the Court of Criminal Appeals complied with the requirements of §13A-5-53 in determining the propriety of the sentence imposed by the judge.
 IV.
We have considered all of Taylor's arguments, and we have reviewed the record. We have found no error, plain or otherwise, either in the guilt phase or in the sentencing phase of the trial, that would warrant a reversal of the conviction or the sentence. We therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Moore, C.J., and Houston, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
Johnstone, J., recuses himself.
[1] Taylor had filed his petition for the writ of certiorari before May 19, 2000, the effective date of the most recent amendment to Rule 39, Ala.R.App.P.
[2] Taylor argues that the trial judge's override of the jury's recommended sentence violates the Equal Protection Clause because, he says, similarly situated capital defendants have not been sentenced to death by an order overriding a jury's recommendation of a life sentence without parole and because, he says, the death penalty is imposed disproportionately in Alabama on defendants who are convicted of killing white persons. However, Taylor presents no evidence, and cites no authority, to support these arguments, and we have found no evidence in the record to support them. Therefore, we conclude that these arguments are without merit.
[3] Alabama's sentencing procedure provides for the court to consider both statutory and nonstatutory mitigating circumstances. See Ala. Code 1975, §§ 13A-5-51 and -52.