On Return to Remand

WISE, Judge.[1]
Taurus Carroll was convicted of murder made capital because it was committed during the course of a robbery in the first degree. See § 13A-5-40(a)(2), Ala.Code 1975. The trial court overrode the jury’s recommendation that Carroll be sentenced to life imprisonment without the possibility of parole and sentenced Carroll to death.
On August 27, 1999, this Court affirmed Carroll’s conviction. Carroll v. State, 852 So.2d 801 (Ala.Crim.App.1999). However, we held that “the trial court erred in using Carroll’s prior youthful offender adjudications to negate the existence of the statutory mitigating circumstance of ‘no significant history of prior criminal activity,”’ and we remanded Carroll’s case to the circuit court “with directions that that court make new findings as to the aggravating and mitigating circumstances in Carroll’s case and reevaluate Carroll’s sentence in fight of this opinion.” 852 So.2d at 816. On September 29, 1999, the circuit court, on its return to our remand order, submitted an amended sentencing order. In that order it reweighed the aggravating and mitigating circumstances and again overrode the jury’s recommendation of fife imprisonment without parole and sentenced Carroll to death. On November 19, 1999, this Court determined that the circuit court’s finding that the statutory mitigating circumstance of “no significant history of prior criminal activity” existed in Carroll’s case satisfied the statutory requirements and that the imposition of the death penalty was appropriate, and we affirmed Carroll’s sentence. Carroll v. State, 852 So.2d at 818 (Ala.Crim.App.1999).
Carroll petitioned the Alabama Supreme Court for certiorari review. The Supreme Court granted his petition, pursuant to Rule 39(c), Ala.R.App.P., as it read before an amendment effective May 19, 2000.[2] *832 On April 20, 2001, the Supreme Court affirmed Carroll’s conviction, but remanded the case to this Court, holding that the trial court had failed to state specific reasons for failing to accept the jury’s recommendation of life imprisonment without the possibility of parole, as mandated by Ex parte Taylor, 808 So.2d 1215, 1220 (Ala.2001). That court stated:
“[ W]e conclude that this case must be remanded pursuant to Taylor for the trial judge to have the opportunity to amend his sentencing order so as to satisfy the Taylor requirement. He shall submit his order on remand, including all necessary findings and conclusions, to the Court of Criminal Appeals within 90 days of the release of this opinion.”
Ex parte Carroll, 852 So.2d 821, 828 (Ala.2001).
On August 13, 2001, the circuit court, on its return to the remand order, submitted an amended sentencing order in which it weighed the aggravating circumstances and the mitigating circumstances; it again overrode the jury’s recommendation of life imprisonment without parole and sentenced Carroll to death. The court’s order stated, in pertinent part:
“The Court adopts the statement of facts set forth in its findings of fact from the guilt phase of the trial in setting forth a summary of the evidence heard by the jury concerning the circumstances surrounding the killing in this case. After hearing the evidence in this case the jurors were unanimous with their decision concerning guilt; each member knowing the ramifications of a verdict of guilty of capital murder and the responsibility that would be laid upon each juror concerning punishment. This was an emotionally charged case. It was evident to this Court that the jury was emotionally distraught when they were brought into the courtroom to announce the verdict of guilty of capital murder. Several of the female jurors were crying and all were very quiet and somber. After conducting the sentencing phase the jury retired to consider punishment and again exhibited signs of the stress they were experiencing. The jury returned a split verdict on the recommended punishment.
“The jury did not have before [it] the presentence report, background information and history of the defendant, his family, education and work history. The jury was not aware of the fact that the defendant had served a period of incarceration and had just been released for a very short time when he obtained a weapon and committed this intentional murder during a robbery. The jury did not view and was not privy to the expression of the pain of the victim’s family expressed at the sentencing hearing before the Court.
“Although this Court always gives, and did in this case give, great weight and consideration to a jury’s recommendation as to punishment, considering the above, the Court found it appropriate to overrule the jury’s recommendation of life without parole.”
In Ex parte Taylor, the Supreme Court held that a judge must make specific findings as to his reasons for “giving the jury’s recommendation the consideration he gave it.” 808 So.2d at 1219. The Court stated:
“Under Alabama’s capital-sentencing procedure, the trial judge must make specific written findings regarding the circumstance and each mitigating circumstance offered by the parties. § 13A-5-47(d), Ala.Code 1975. In making these findings, the trial judge must consider a jury’s recommendation of life imprisonment without parole. See § 13A-5-47(e), Ala.Code 1975 (‘in *833 [weighing the aggravating and mitigating circumstances] the trial court shall consider the recommendation of the jury contained in its advisory verdict’). Construing subsection (e) together with subsection (d), we conclude that the trial judge must state specific reasons for giving the jury’s recommendation the consideration he gave it.”
808 So.2d at 1219 (footnote omitted).
We conclude that the circuit court’s reasons for overriding the jury’s recommendation are sufficient to comply with the dictates of Ex parte Taylor. Accordingly, we affirm the judgment of the circuit court resentencing Carroll to death.
AFFIRMED AS TO SENTENCE.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Wise on January 16, 2001.

. The amendment to Rule 39, Ala.R.App.P., effective May 19, 2000, as to death-penalty cases, changed the standard for certiorari review of criminal cases in which the death penalty is imposed. At the time of Carroll’s petition, Rule 39(c) provided that a petition for a writ of certiorari to the Supreme Court in a case in which the death penalty had been imposed would be granted as a matter of right.