I concur in part I of the majority opinion, which holds that the jury found the existence of a statutory aggravating circumstance necessary for the imposition of the death sentence in Waldrop's case as required underRing v. Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002), and Apprendi v. NewJersey, 530 U.S. 466 (2000). I must dissent, however, from part II of the majority opinion, in which this Court makes its own finding that the aggravating circumstances in this case outweigh the mitigating circumstances, instead of remanding this case for the trial court to make such a determination.
Ex parte Taylor, 808 So.2d 1215, 1219 (2001), requires "that the trial judge must state specific reasons for giving the jury's recommendation the consideration he gave it." As the majority opinion acknowledges, the trial judge in this case did not do so. Accordingly, as this Court has done in other post-Taylor cases, we should remand this case for the trial court to enter a revised sentencing order. I do not disagree with the majority's finding that the aggravating circumstances outweigh the mitigating circumstances in this case, and I agree that there may be cases in which it is necessary for this Court to make such a finding. Moreover, I understand that in this case the trial judge is no longer on the bench; however, his successor can review the trial record and, if necessary, call his predecessor as a witness or call any other witness necessary for the successor judge to prepare a revised sentencing order. Because I believe it is better to defer to the trial court wherever possible on matters that are within the scope of the trial court's responsibility, I must respectfully dissent from part II of the majority opinion.