I join part I of the main opinion. I write specially to address further Waldrop's contention that the trial court's finding of fact that the capital offense was "especially heinous, atrocious or cruel compared to other capital offenses," § 13A-5-49(8), Ala. Code 1975, violated his right to a trial by jury under the United States Constitution. A plurality of the Justices on the United States Supreme Court in Harris v.United States, 536 U.S. 545, *Page 1197 122 S.Ct. 2406 (2002), released the same day as Ring v. Arizona,536 U.S. 584, 122 S.Ct. 2428 (2002), stated: "Basing a 2-year increase in the defendant's minimum sentence on a judicial finding of brandishing does not evade the requirements of the Fifth and Sixth Amendments."536 U.S. at 568, 122 S.Ct. at 2420.
A dissenting opinion, joined by three other Justices, observed:
 "According to the plurality, the historical practices underlying the Court's decision in Apprendi[v. New Jersey, 530 U.S. 466 (2000),] with respect to penalties that exceed the statutory maximum do not support extension of Apprendi's rule to facts that increase a defendant's mandatory minimum sentence. Such fine distinctions with regard to vital constitutional liberties cannot withstand close scrutiny."
536 U.S. at 574, 122 S.Ct. at 2423. At a later point the dissenting opinion states:
 "Thus, it is ultimately beside the point whether as a matter of statutory interpretation brandishing is a sentencing factor, because as a constitutional matter brandishing must be deemed an element of an aggravated offense. See Apprendi, supra, at 483, n. 10, 120 S.Ct. 2348 (`[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition "elements" of a separate legal offense')."
536 U.S. at 576, 122 S.Ct. at 2424.
Until the dissenting opinion in Harris becomes the law of the land, I must reject Waldrop's argument that the trial court's finding that the offenses were "especially heinous, atrocious or cruel compared to other capital offenses" is a finding of fact that must be determined by a jury.
As to part II, I respectfully dissent. I would remand to the trial court for further proceedings in light of Ex parte Taylor, 808 So.2d 1215
(Ala. 2001), cert. denied, 534 U.S. 1086, 122 S.Ct. 824 (2002); and Exparte Carroll, 852 So.2d 821 (Ala. 2001). The fact that the judge who tried this case is no longer in active service should not justify disregard of the necessity for remand. I join Justice Johnstone's thorough review of this issue in his special writing.
WOODALL, J., concurs.