I concur in Part I, which analyzes the application of Ring v. Arizona,536 U.S. 584, 122 S.Ct. 2428 (2002), and Apprendi v. New Jersey,530 U.S. 466 (2000), to the case now before us. I respectfully dissent, however, from Part II, which invalidly evades the consequences of the failure of the sentencing order to meet the due process requirements recognized in Ex parte Taylor, 808 So.2d 1215, 1219 (Ala. 2001).
The brief submitted to us by the State after we issued our writ of certiorari supplies a candid and scholarly introduction to the problem my dissent will address. Thus I will quote the brief of the State at some length:
"ARGUMENT
 "WHETHER THE TRIAL COURT'S SENTENCING ORDER OVERRIDING THE JURY'S RECOMMENDATION OF LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF PAROLE AND SENTENCING WALDROP TO DEATH, WAS SUFFICIENT IN LIGHT OF THIS COURT'S DECISION IN EX PARTE TAYLOR. *Page 1198 
 "In sentencing Waldrop to death, the trial court overrode the jury's 10 to 2 recommendation of life imprisonment without the possibility of parole. The State has been directed to respond to Waldrop's claim that the trial court's stated reasons for overriding the jury's life recommendation, as set out in its sentencing order and in its revised sentencing order, are not sufficient to comply with the requirements set forth by this Court in Ex parte Taylor, 808 So.2d 1215
(Ala. 2001).
 "In Ex parte Taylor, this Court held that a judge must make specific findings as to his reasons for `giving the jury's recommendation the consideration he gave it.' This Court specifically said:
 "`Under Alabama's capital-sentencing procedure, the trial judge must [state] specific written findings regarding the existence or nonexistence of each aggravating circumstance and each mitigating circumstance offered by the parties. § 13A-5-47(d), Ala. Code 1975. In making these findings, the trial judge must consider a jury's recommendation of life imprisonment without parole. See § 13A-5-47(e), Ala. Code 1975 ("in [weighing the aggravating and mitigating circumstances], the trial court shall consider the recommendation of the jury contained in its advisory verdict"). Construing subsection (e) together with subsection (d), we conclude that the trial judge must state specific reasons for giving the jury's recommendation the consideration he gave it. McCausland v. Tide-Mayflower Moving Storage, 499 So.2d 1378, 1382 (Ala. 1986) (stating that subsections of a statute "should be construed together to ascertain the meaning and intent of each").'
 "Ex parte Taylor, 808 So.2d at 1219 (footnote omitted) (in Ex parte Taylor, this Court concluded that the trial court had properly given reasons for overriding the jury's recommendation by stating that `some jurors' outbursts of emotion after they found the defendant guilty of capital murder indicated that they were overwhelmed by their impending duty to consider the death penalty as required by law').
 "Since this Court's release of Ex parte Taylor, both this Court and the Court of Criminal Appeals have remanded cases with directions for the trial court to expand its sentencing order to state specific reasons for giving the jury's recommendation the consideration it gave it. See, e.g., Ex parte Carroll, [Ms. 1990908] (Ala. 2001, April 20, 2001) (finding that the trial court's statements in its sentencing order that it `had considered the jury recommendation of life without parole' and that `the Court finds that the aggravating [circumstance] outweigh[s] any mitigating circumstances when the jury recommendation of life without parole is taken into consideration' was insufficient to comply with Ex parte Taylor); Dorsey v. State, [Ms. CR-97-1522] (Ala.Crim.App. May 25, 2001) (trial judge's statement that he `had considered the recommendation of the jury' insufficient to comply with Ex parte Taylor); Hodges v. State, [Ms. CR-98-1988] (Ala.Crim.App. March 30, 2001) (trial court's noting in sentencing order that it had `considered the jury's recommendation' not sufficient to comply with Ex parte Taylor); Lee v. State, [Ms. CR-00-0084] (Ala.Crim.App. October 26, 2001) (`although the trial court indicated that it had "given due consideration to the jury's recommendation," it did not state the specific reasons it gave the jury's recommendation the consideration it gave it'); Smith v. State, [Ms. CR-97-1258] (Ala.Crim.App. December *Page 1199 
22, 2000) (trial court's stating in its order that it `considered' the jury's recommendation was insufficient to comply with Ex parte Taylor).
 "In it's original sentencing order, the trial court stated, in overriding the jury's sentencing recommendation, that it was `fully aware of the jury's recommendation and ha[d] given that recommendation due consideration.' (C. 163.) It concluded its sentencing order by stating, `After giving full measure and weight to each of the aggravating and mitigating circumstances, and taking into account the recommendation of the jury contained in its advisory verdict, it is the judgment of the court that aggravating circumstances outweigh mitigating circumstances shown by the evidence in this case.' (C. 170.)
 "In its revised and very detailed sentencing order, the trial court again stated that it was `fully aware of the jury's recommendation and had given that recommendation due consideration.' (Revised sentencing order at p. 2.) The court again concluded that, `After giving full measure and weight to each of the aggravating and mitigating circumstances, and taking into account the recommendation of the jury contained in its advisory verdict, it is the judgment of the court that aggravating circumstances outweigh mitigating circumstances shown by the evidence in this case.' (Revised sentencing order at p. 14.)"
The State argues:
 "Although the [trial] court did not state `specific' reasons for giving the jury's recommendation the consideration it gave it, it is implicit in the sentencing order that the court found the gravity and brutality of the offenses, in conjunction with the facts surrounding the murders, in particular the robbery for money to buy cocaine, to clearly outweigh the mitigating circumstances presented by Waldrop. The court gave very detailed reasons for finding the existence or nonexistence of each aggravating and mitigating circumstance, and a thorough explanation of why [the court] assigned the weight [it] did to each of those circumstances."
Nonetheless, the State writes:
 "Mindful of this Court's decision in Ex parte Taylor, although not conceding its correctness, the State acknowledges that the trial court used language similar to language found insufficient in other cases . . . ."
The State further writes:
 "The State is aware that this Court could, based on the relevant caselaw, conclude that the trial court's sentencing order does not meet the requirements delineated in Ex parte Taylor . . . ."
The main opinion itself, 859 So.2d at ___, tacitly acknowledges that the sentencing order does not conform to the due process requirements recognized by Ex parte Taylor.
The main opinion addresses the problem this way:
 "Taylor was decided after the trial court in Waldrop's case entered its revised sentencing order on remand from the Court of Criminal Appeals, and after the Court of Criminal Appeals affirmed the trial court's order. In post-Taylor cases where the trial court fails sufficiently to state its reasons for overriding a jury's advisory verdict, this Court and the Court of Criminal Appeals have generally remanded the case to allow the trial court to enter a revised sentencing order. See Ex parte Carroll, 852 So.2d 821 (Ala. 2001); Lee v. State, [Ms. CR-00-0084, October 26, 2001] ___ So.2d ___ (Ala.Crim.App. 2001); Dorsey v. *Page 1200 State, [Ms. CR-97-1522, May 25, 2001] ___ So.2d ___ (Ala.Crim.App. 2001).
 "A remand to the trial court is not an option in this case, however, because the trial judge, Judge Dale Segrest, is no longer on the bench. Instead, the case would be assigned to a circuit judge who is unfamiliar with the case and who cannot possibly supply Judge Segrest's `specific reasons for giving the jury's recommendation the consideration [Judge Segrest] gave it.' 808 So.2d at 1219. Because a remand is not possible, and in order to ensure that the death penalty in this case was not imposed in an arbitrary and capricious manner, this Court must perform its own review of the propriety of the death sentence and determine whether the aggravating circumstances outweigh the mitigating circumstances."
859 So.2d at 1191-92 (footnote omitted). This Court, however, cannot accurately say, "a remand is not possible." A remand would just be a lot of trouble, in that, if the original trial judge cannot be temporarily coaxed out of retirement, a remand would require a successor trial judge to familiarize himself or herself with the case completely, as a successor civil trial judge would pursuant to Rule 63, Ala.R.Civ.P.; to conduct a new sentencing hearing; to prepare a new sentencing order; and to resentence the defendant.
Ex parte Taylor holds "that Alabama's capital-sentencing procedure does not result in the imposition of the death sentence in an arbitrary and capricious manner in violation of the Fourteenth Amendment" because our procedure requires "that the trial judge must state specific reasons for giving the jury's recommendation the consideration he gave it," 808 So.2d at 1219, as this Court found the trial judge had in fact done in that case before it ever reached this Court, 808 So.2d at 1219. Sentencing in a capital case is the duty and the prerogative of the trial court. §13A-5-47(a), Ala. Code 1975. Likewise, considering the recommendation of the jury is the duty and the prerogative of the trial court. §13A-5-47(e), Ala. Code 1975. The failure of the trial court to perform these most basic statutory duties is a denial of due process. See Exparte Taylor, 808 So.2d at 1219.
This Court is not the trial court. This Court cannot, as the main opinion does, perform the basic statutory duty of the trial court. If we were able to abandon our appellate and supervisory duties and to assume the duties of the trial court, we could not then conduct an appellate review of our own trial-court handiwork, as the main opinion must be doing, without violating the right of the defendant to appellate due process. Thus the main opinion is either condoning a denial of due process by the trial court or denying appellate due process here in this Court or is even committing both errors by undertaking to perform the duties of both courts.
Therefore, I respectfully submit that this case must be remanded for compliance with Ex parte Taylor. Moreover, on such remand, the trial court would be obliged to consider the life-without-parole recommendation by the jury as a mitigating circumstance in accordance with Ex parteCarroll, 852 So.2d 833 (Ala. 2002), which does apply to the case now before us, Griffith v. Kentucky, 479 U.S. 314, 328 (1987).
Because, in my opinion, Ex parte Taylor requires a remand to the trial court, I must respectfully dissent from the judgment of affirmance. I concur, however, insofar as the main opinion affirms the adjudication of the defendant's guilt.
LYONS, J., concurs. *Page 1201