PER CURIAM.
Brandon Deon Mitchell was convicted of four counts of capital murder for the intentional killing of Kim Olney, John Ayles-worth, and Dorothy Smith during the course of a robbery at a hotel, § 13A-5-40(a)(2), Ala.Code 1975, and for killing two or more persons pursuant to one act or course of conduct, § 13A-5-40(a)(10), Ala. Code 1975. The jury that convicted Mitchell recommended that he be sentenced to life in prison without the possibility of parole on each conviction. After ordering and receiving a presentence report and holding a sentencing hearing, the trial court overrode the jury’s recommendation and sentenced Mitchell to death.
Mitchell’s convictions and sentences were affirmed by the Court of Criminal Appeals. Mitchell v. State, 84 So.3d 968 *1014 (Ala.Crim.App.2010). Mitchell then petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals, asserting 17 separate grounds for review pursuant to Rule 39, Aa. RApp. P. This Court granted the petition on May 25, 2011, and issued the writ to examine the sole question whether the trial court had complied with Ala.Code 1975, § 13A-5-47(d) and (e), as those Code sections were construed by this Court in Ex parte Taylor, 808 So.2d 1215 (Ala.2001). Upon receiving the record, we determined that the writ was improvidently issued, and we now quash the writ.
Subsection (d) of § 13A-5-47 requires the trial court in a capital case to “enter specific written findings concerning the existence or nonexistence of’ the statutory and nonstatutory mitigating circumstances and the aggravating circumstances contributing to the trial court’s determination of the sentence. Subsection (e) provides that, unless an advisory jury verdict has been waived in the sentencing phase, “the trial court shall consider the recommendation of the jury contained in its advisory verdict.” The Court in Taylor, construing those subsections together, held that the trial judge was required to “state specific reasons for giving the jury’s recommendation the consideration he gave it.” 808 So.2d at 1219.
The opinion of the Court of Criminal Appeals, in addressing Mitchell’s argument that the trial court failed to consider certain nonstatutory mitigating circumstances in overriding the jury’s advisory verdict and sentencing him to death, discussed relevant caselaw and quoted from the trial court’s written findings. 84 So.3d at 991. The decision of the Court of Criminal Appeals, however, quoted only introductory sections of the trial court’s order, which identified the evidence and the report the trial court had received and reviewed. The Court of Criminal Appeals then concluded in broad language that “the circuit court clearly considered all mitigating circumstances presented to it.” 84 So.3d at 997. Both the Court of Criminal Appeals’ opinion and Mitchell’s petition to this Court appeared to suggest either that the trial court had read its specific determinations with regard to the mitigating circumstances and the aggravating circumstances in open court but had failed to enter its findings as to those circumstances into the record or that the trial court had not made the necessary specific findings. This Court granted certiorari review to determine whether the trial court had, or had not, properly made specific findings as to the aggravating and mitigating circumstances and whether it had entered those findings into the record.
The record provided by the Court of Criminal Appeals upon our issuance of the writ shows that the trial court properly entered written findings as to the existence or nonexistence of the statutory mitigating circumstances and the statutory aggravating circumstances; that it entered written findings as to the existence or nonexistence and the weight of the non-statutory mitigating circumstances presented by the defense; and that it discussed the jury’s recommendation of life imprisonment with the possibility of parole and specified why it did not follow that recommendation. The trial court complied fully with Aa.Code 1975, § 13A-5 — 47(d) and (e), as construed by this Court in Taylor, The petition was therefore improvidently granted and the writ issued on May 25, 2011, is due to be quashed.
WRIT QUASHED.
*1015 MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, and MURDOCK, JJ., concur.
SHAW, MAIN, and WISE, JJ., recuse themselves.*