WINDOM, Presiding Judge.
Jeffrey Lee appeals from the circuit court's summary dismissal of his second postconviction petition filed pursuant to Rule 32, Ala. R. Crim. P., in which he challenged his three capital-murder convictions and sentences of death.
Lee was convicted of two counts of capital murder for killing Jimmy Ellis and Elaine Thompson during the course of a robbery, see § 13A-5-40(a)(2), Ala. Code 1975, and one count of capital murder for killing two people, Ellis and Thompson, by one act or pursuant to one scheme or course of conduct, see *1000 § 13A-5-40(a)(10), Ala. Code 1975. He was also convicted of attempted murder for shooting Helen King during the robbery. At the conclusion of the penalty-phase of the trial, the jury recommended, by a vote of 7 to 5, that the circuit court sentence Lee to life in prison without the possibility of parole. The circuit court considered but rejected the jury's recommendation and sentenced Lee to death.
On October 26, 2001, on direct appeal, this Court remanded Lee's case with instructions for the circuit court to amend its sentencing order.[1] Lee v. State, 898 So.2d 790 (Ala. Crim. App. 2001). While the cause was on remand to the circuit court, the Supreme Court of the United States issued its opinion in Ring v. Arizona, 536 U.S. 584, 589, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied its earlier decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to capital cases and held that defendants facing a sentence of death are "entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment," e.g., a jury finding regarding the existence of an aggravating circumstance. Thereafter, the circuit court filed its return to remand. At that point, this Court ordered "the parties to file supplemental briefs addressing the applicability of Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), to [Lee's] case." Lee, 898 So.2d at 858. After the parties filed their supplemental briefs, this Court affirmed Lee's capital-murder convictions and sentences of death. Regarding Ring, this Court held:
"In this case, the trial court found that one aggravating circumstance existed-the appellant committed the capital offenses while he was engaged in the commission of a robbery or an attempted robbery. See § 13A-5-49(4), Ala. Code 1975. Because the jury convicted [Lee] of the capital offense of robbery-murder, that statutory aggravating circumstance was proven beyond a reasonable doubt. Therefore, in this case, the jury, and not the judge, determined the existence of the 'aggravating circumstance necessary for imposition of the death penalty.' Ring, 536 U.S. at 609, 122 S.Ct. at 2443. Furthermore, ' Ring and Apprendi do not require that a jury weigh the aggravating circumstances and the mitigating circumstances.' Ex parte Waldrop, 859 So.2d 1181, 1190 (Ala. 2002). Therefore, there was not a Ring violation in this case."
Lee, 898 So.2d at 858. On February 6, 2004, the Alabama Supreme Court denied Lee's petition for a writ of certiorari. On October 12, 2004, the Supreme Court of the United States also denied Lee's petition for a writ of certiorari.
In 2005, Lee filed his first Rule 32 petition in which he argued, among numerous other things, that his death sentences were imposed in violation of the Supreme Court's decision in Ring. In April of that year, Lee filed an amended Rule 32 petition. In August of 2007, the circuit court issued an order summarily dismissing Lee's Rule 32 petition. On October 9, 2009, this Court affirmed the circuit court's summary dismissal of Lee's Rule 32 petition. Thereafter, on February 19, 2010, the Alabama Supreme Court denied Lee's petition for a writ of certiorari seeking review of this Court's affirmance.
According to Lee, on October 21, 2010, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Federal District Court for the Southern *1001 District of Alabama. In his petition, Lee reasserted his Ring claim. On May 30, 2012, the district court denied Lee's petition. On August 1, 2013, the United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision. The Supreme Court of the United States denied Lee's petition for a writ of certiorari.
On January 12, 2016, after the Supreme Court of the United States had denied Lee's petition for a writ of certiorari, it issued its decision in Hurst v. Florida, 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). "[I]n Hurst [, the Court] applied its holding in Ring to Florida's capital-sentencing scheme and held that Florida's capital-sentencing scheme was unconstitutional because, under that scheme, the trial judge, not the jury, made the 'findings necessary to impose the death penalty.' " Ex parte Bohannon, 222 So. 3d 525, 531 (Ala. 2016) (quoting Hurst, 577 U.S. ----, 136 S.Ct. at 622 ).
On April 28, 2016, Lee filed a second Rule 32 petition in the circuit court. In his petition, Lee argued that Alabama's capital-sentencing scheme is unconstitutional under Hurst. On June 16, 2016, the State filed a motion to dismiss Lee's petition. In its motion, the State argued that Lee's petition was procedurally barred under Rule 32.2(b), Ala. R. Crim. P., because it was successive, and under Rule 32.2(a)(4), Ala. Crim. App., because Lee's claim was raised and addressed on direct appeal. The State also argued that Hurst did not apply retroactively to a collateral challenge to a death sentence. Finally, the State argued that Lee's Hurst claim was facially without merit. On July 29, 2016, Lee filed an opposition to the State's motion to dismiss. On August 5, 2016, the circuit court granted the State's motion and dismissed Lee's petition. Lee appealed.
I.
On appeal, Lee first argues that the circuit court's order dismissing his Rule 32 petition did not reflect that court's independent judgment; therefore, the order must be reversed. Specifically, Lee argues that the circuit court adopted as its order a proposed order filed by the State. According to Lee, the order prepared by the State did not address all the arguments he had raised in his brief opposing dismissal. He also argues that the court's order incorrectly characterizes one of his arguments. Thus, Lee concludes the circuit court's order was not the product of the circuit court's independent judgment and must be reversed. This Court disagrees.
Recently, this Court explained:
" 'Alabama courts have consistently held that even when a trial court adopts verbatim a party's proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous.' McGahee v. State, 885 So.2d 191, 229-30 (Ala. Crim. App. 2003). 'While the practice of adopting the state's proposed findings and conclusions is subject to criticism, the general rule is that even when the court adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.' Bell v. State, 593 So.2d 123, 126 (Ala. Crim. App. 1991). '[T]he general rule is that, where a trial court does in fact adopt the proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court.' Ex parte Ingram, 51 So.3d 1119, 1122 (Ala. 2010). Only 'when the record before this Court clearly establishes that the order signed by the trial court denying postconviction relief is not the product of the trial court's independent judgment' will the circuit court's adoption of the State's proposed *1002 order be held erroneous. Ex parte Jenkins, 105 So.3d 1250, 1260 (Ala. 2012).
"For example, in Ex parte Ingram, supra, the circuit court adopted verbatim the State's proposed order summarily dismissing Robert Shawn Ingram's Rule 32 petition. In the order, the court stated that it had considered ' "the events within the personal knowledge of the Court" ' and that it had ' "presided over Ingram's capital murder trial and personally observed the performance of both lawyers throughout Ingram's trial and sentencing." ' Ex parte Ingram, 51 So.3d at 1123 (citation and emphasis omitted). However, the judge who had summarily dismissed the petition had not, in fact, presided over Ingram's trial and had no personal knowledge of the trial. The Alabama Supreme Court described these errors in the court's adopted order as 'the most material and obvious of errors,' 51 So.3d at 1123, and 'patently erroneous,' 51 So.3d at 1125, and concluded that the errors 'undermine[d] any confidence that the trial court's findings of fact and conclusions of law [we]re the product of the trial judge's independent judgment.' 51 So.2d at 1125.
"In Ex parte Scott, [Ms. 1091275, March 18, 2011] --- So. 3d ---- (Ala. 2011), the circuit court adopted verbatim as its order the State's answer to Willie Earl Scott's Rule 32 petition. The Alabama Supreme Court stated:
" '[A]n answer, by its very nature, is adversarial and sets forth one party's position in the litigation. It makes no claim of being an impartial consideration of the facts and law; rather it is a work of advocacy that exhorts one party's perception of the law as it pertains to the relevant facts.' "
"Ex parte Scott, --- So. 3d at ----. The Court then held that '[t]he trial court's verbatim adoption of the State's answer to Scott's Rule 32 petition as its order, by its nature, violates this Court's holding in Ex parte Ingram' that the findings and conclusions in a court's order must be those of the court itself. Ex parte Scott, --- So. 3d at ----."
R eeves v. State, 226 So. 3d 711, 724 (Ala. Crim. App. 2016).
Unlike in Ex parte Ingram and Ex parte Scott, the record in this case does not clearly establish that the circuit court's order dismissing Lee's petition was anything but the court's own independent judgment. The circuit court's order contains no patently erroneous statements as was the case in Ex parte Ingram, and the circuit court adopted a proposed order as opposed to an answer. Further, after reviewing the record, this Court concludes that the circuit court's order reflects that court's independent judgment. Therefore, this Court holds that the circuit court did not err by adopting the State's proposed order dismissing Lee's Rule 32 petition.
Moreover, even if the circuit court erred in adopting the State's proposed order, that error, if any, would be harmless beyond a reasonable doubt. See Rule 45, Ala. R. App. P. As discussed below, the claim raised in Lee's Rule 32 petition was procedurally barred under Rule 32.2(a)(4), and under Rule 32.2(b), Ala. R. Crim. P. Cf. Peraita v. State, 897 So.2d 1161, 1185 (Ala. Crim. App. 2003) (holding that the circuit court's erroneous determination was harmless when there was a valid alternative reason for the circuit court's action); United States v. Abbas, 560 F.3d 660, 666-67 (7th Cir. 2009) (holding that a trial court's error is harmless when it had a valid alternative holding); Shedden v. Principi, 381 F.3d 1163, 1168 (Fed. Cir. 2004) (same); Barton v. Gammell, 143 Ga.App. 291, 238 S.E.2d 445, 448 (1977) (holding that an erroneous finding is harmless when the trial court's decision is supported by other *1003 grounds). Because Lee's claim in his Rule 32 petition was procedurally barred under Rule 32.2(a)(4) and under Rule 32.2(b), Ala. R. Crim. P., the error, if any, in the adoption of the State's proposed order was harmless. Jenkins v. State, 105 So.3d 1234, 1242 (Ala. Crim. App. 2011). Therefore, Lee is not entitled to any relief on this issue.
II.
Lee next argues that the circuit court erred in finding that Hurst does not apply retroactively to his case. According to Lee, Hurst did not announce a new rule, but instead, applied the Rule established in Ring v. Arizona, 536 U.S. 584, 589, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to new facts. Therefore, the holding in Hurst is applicable and can be raised in his collateral proceedings. The State, not surprisingly, agrees that Hurst merely applied the rule of law established in Ring and Apprendi but argues that, because Ring and Apprendi were decided before Lee's direct appeal became final, his claim is procedurally barred. See Rule 32.2(a)(4) and 32.2(b), Ala. R. Crim. P. This Court agrees with the State.
It is well settled that a new case applying an old rule will not operate to exempt a petitioner from the application of the procedural bars established in Rule 32.2, Ala. R. Crim. P. Clemons v. State, 123 So.3d 1, 12 (Ala. Crim. App. 2012) ("Because the Supreme Court did not establish new law ... but rather applied law that was established long before Clemons's trial and before his first Rule 32 petition, Clemons's claim was procedurally barred because he could have raised it at trial, on appeal, Rules 32.2(a)(3) and (a)(5), Ala. R. Crim. P., or in his first Rule 32 proceedings, 32.2(b), Ala. R. Crim. P."); Fitts v. Eberlin, 626 F.Supp.2d 724, 733 (N.D. Ohio 2009) ("Given that no new rule exists that applies to [the petitioner's] case, [his] plea for equitable tolling ... must fail.").
Here, the parties agree that the Supreme Court did not establish a new rule in Hurst; rather, " '[t]he Court in Hurst did nothing more than apply its previous holdings in Apprendi and Ring to Florida's capital-sentencing scheme.' " (Lee's brief, at 18 (quoting State v. Billups, 223 So. 3d 954, 963 (Ala. Crim. App. 2016)).) Both this Court and the Alabama Supreme Court have recognized that Hurst merely applied the rule established in Apprendi and Ring to new facts: the State of Florida's death-penalty scheme. See State v. Billups, 223 So. 3d at 963 ; Phillips v. State, [Ms. CR-12-0197, Oct. 21, 2016] --- So. 3d ----, ---- (Ala. Crim. App. 2016); Ex parte Bohannon, 222 So. 3d at 532 (" Hurst applies Ring and reiterates that a jury, not a judge, must find the existence of an aggravating factor to make a defendant death-eligible."). Because the decision in Hurst did not create a new rule, Lee's Ring / Hurst claim was subject to the procedural bars contained in Rule 32.2, Ala. R. Crim. P. Clemons, 123 So.3d at 12. Specifically, Lee's Ring / Hurst claim was procedurally barred under Rule 32.2(a)(4), Ala. R. Crim. P., because it was raised on direct appeal and in a previous Rule 32 petition. Lee v. State, 898 So.2d 790, 858 (Ala. Crim. App. 2001). Further, because Lee raised a Ring claim in his previous Rule 32 petition, his current Ring / Hurst claim is successive and, thus, procedurally barred under Rule 32.2(b), Ala. R. Crim. P.
Lee, however, argues that his Ring / Hurst claim is not subject to the procedural bars contained in Rule 32.2, Ala. R. Crim. P., because his claim implicates the circuit court's jurisdiction. Lee is incorrect. In Hunt v. State, 940 So.2d 1041, 1057 (Ala. Crim. App. 2005), the petitioner "argue[d] that the procedural default rules in *1004 Rule 32, Ala. R. Crim. P., do not exclude claims that raise a jurisdictional defect and that the Apprendi [/ Ring ], claim, he ... raise[d] [was] a jurisdictional issue"; therefore, the circuit court erroneously denied relief. This Court disagreed and held that the decisions in Apprendi and Ring do not apply retroactively and that the circuit court properly denied relief. Hunt, 940 So.2d at 1057. Similarly, the Court's decision in Hurst, which merely applied its decision in Ring to a new set of facts, does not implicate the circuit court's jurisdiction and thus does not excuse the application of the procedural bars contained in Rule 32.2, Ala. R. Crim. P.
"Because the Supreme Court did not establish new law in [ Hurst ] but rather applied law that was established ... before [Lee's appeal became final] and before his first Rule 32 petition, [Lee's] claim was procedurally barred because [it was raised] on appeal, Rule 32.2(a) ( [4] ) and [because it was raised] in his first Rule 32 proceedings, 32.2(b), Ala. R. Crim. P." Clemons, 123 So.3d at 12. Therefore, the circuit court did not err by summarily dismissing Lee's successive Rule 32 petition.
Further, even if the Hurst decision did announce a new rule, the circuit court correctly dismissed Lee's petition because that rule would not apply retroactively and, thus, would not be applicable in Lee's postconviction proceedings. In Reeves v. State, 226 So. 3d 711, 757 (Ala. Crim. App. 2016), this Court explained:
"The United States Supreme Court's opinion in Hurst was based solely on its previous opinion in Ring, an opinion the United States Supreme Court held did not apply retroactively on collateral review to cases that were already final when the decision was announced. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). Because Ring does not apply retroactively on collateral review, it follows that Hurst also does not apply retroactively on collateral review. Rather, Hurst applies only to cases not yet final when that opinion was released, such as Johnson, supra, a case that was still on direct appeal (specifically, pending certiorari review in the United States Supreme Court) when Hurst was released. Reeves's case, however, was final in 2001, 15 years before the opinion in Hurst was released. Therefore, Hurst is not applicable here."
For the forgoing reasons, the circuit court correctly dismissed Lee's Rule 32 petition, and its judgment is affirmed.
AFFIRMED.
Welch, Kellum, Burke, and Joiner, JJ., concur.

This Court remanded this case to the circuit court with instructions that the trial court amend its sentencing order to comply with the requirements of Ex parte Taylor, 808 So.2d 1215 (Ala. 2001).