Robert Shawn Ingram was convicted of capital murder and was sentenced to death. The Court of Criminal Appeals affirmed the conviction and the sentence. Ingram v. State, 779 So.2d 1225
(Ala.Crim.App. 1999). We granted certiorari review; see Rule 39, Ala.R.App.P. We affirm. The Court of Criminal Appeals stated the following facts in its opinion:
 "The appellant, Robert Shawn Ingram, was indicted by the Talladega County grand jury on June 28, 1994, in a two-count indictment. Count one of that indictment charged the capital offense of murder committed during a kidnapping in the first degree, or an attempt thereof, see Ala. Code 1975, § 13A-5-40(a)(1), and count two charged the offense of murder, a violation of § 13A-6-2. The indictment reads, in pertinent part, as follows:
"`COUNT ONE:
 "`That the Grand Jury of said County charge that . . . Robert Shawn Ingram . . . did intentionally cause the death of Gregory Huguley by burning him, and Robert Shawn Ingram caused said death during Robert Shawn Ingram's abduction of, or attempt to abduct, Gregory Huguley with intent to inflict physical injury upon him, or to terrorize him, in violation of § 13A-5-40(a)(1) of the Code of Alabama, 1975. . . .
"`COUNT TWO:
 "`That the Grand Jury of said County charge that . . . on or about the 31st day of July 1993, in the County of Talladega, Alabama, Robert Shawn Ingram . . . did intentionally cause the death of another person, to-wit: Gregory Huguley, by burning him, in violation of § 13A-6-2 of the Code of Alabama, 1975. . . .'
 "At arraignment, Ingram pleaded not guilty. At the conclusion of the presentation of evidence in the guilt phase of the trial, the trial court dismissed count two of the indictment on motion of the state. On May 18, 1995, a jury found Ingram guilty of the capital offense charged in the indictment. A sentencing hearing was held before the jury, in accordance with §§ 13A-5-45 and -46, and the jury recommended by a vote of 11 to 1 that the sentence should be death. Thereafter, the trial court held another sentencing hearing in accordance with §§ 13A-5-47 through -52, and after weighing the aggravating circumstances and the mitigating circumstances, considering the jury's recommendation, and considering the presentence investigation report, sentenced Ingram to death. Ingram appeals his conviction and sentence, raising 24 issues. . . .
 "The state's evidence showed the following: On July 31, 1993, Ingram, along with Anthony Boyd, Moneek Marcell Ackles, and Dwinaune Quintay Cox, kidnapped Gregory Huguley, by force and at gunpoint, from a public street in Anniston, took him to a ballpark in a rural area of Talladega County, and, while he was pleading for his life, taped him to a bench, doused him with gasoline, set him on fire, and burned him to death. The state's evidence showed that Ingram was a principal actor in the murder, wielding the gun and using force to effect the kidnapping, pouring the gasoline *Page 1285 
on Huguley, and lighting the gasoline with a match. The evidence also shows that Huguley was abducted and killed because he failed to pay $200 for crack cocaine sold to him several days before the murder. The record further shows that after Huguley had been set on fire, the conspirators stood around for approximately 20 minutes and watched him burn to death."
779 So.2d at 1237-38.
Ingram raises 24 issues in this Court. The following issues, which were addressed by the Court of Criminal Appeals, were addressed at oral argument on April 5, 2000: (I)(a) Whether the trial court allowed the jury to consider all eight statutory aggravating circumstances even though only two were applicable; (b) Whether the trial court, in rejecting the mitigating circumstance stated in Ala. Code 1975, § 13A-5-51(7), and in finding no nonstatutory mitigating circumstances, erred in relying on an incorrect statement of Ingram's age; and (c) Whether the trial court erroneously charged the jury as to mitigating circumstances; and (II) Whether the trial improperly allowed the State to introduce evidence of other crimes, specifically Ingram's alleged drug activity, during the guilt phase of the trial.
The Court of Criminal Appeals, in an extensive opinion, thoroughly addressed the issues raised by Ingram. We have also considered all the issues raised, and we have looked for prejudicial error that may not have been brought to the attention of the trial court, the Court of Criminal Appeals, or this Court. We find no error.
As required by § 13A-5-53, Ala. Code 1975, we have reviewed this case for any error in regard to the conviction and we have considered the propriety of the death sentence. Ingram was indicted and convicted of murder committed during a kidnapping in the first degree. The trial court found the existence of two statutory aggravating circumstances: (1) that "[t]he capital offense was committed while the defendant was engaged . . . in the commission of, or an attempt to commit, or flight after committing, or attempting to commit, . . . kidnapping (§13A-5-49(4)): and (2) that "[t]he capital offense was especially heinous, atrocious, or cruel, compared to other capital offenses" (§ 13A-5-49(8)). The trial court found one statutory mitigating circumstance: that "[t]he defendant [had] no significant history of prior criminal activity" (§ 13A-5-51(1)). The court found no nonstatutory mitigating circumstances. The record reflects that the trial court weighed the aggravating circumstances against the mitigating circumstance and found that the aggravating circumstances outweighed the mitigating circumstance and sentenced Ingram to death.
After carefully reviewing the record, we have found no evidence to indicate that Ingram's sentence "was imposed under the influence of passion, prejudice, or any other arbitrary factor." See § 13A-5-53(b)(1). Pursuant to § 13A-5-53(b)(2), this Court has independently weighed the aggravating circumstances and the mitigating circumstance to determine the propriety of Ingram's sentence to death. After that independent weighing, this Court concludes that death is the appropriate sentence in this case. Ingram's sentence is not disproportionate or excessive when compared to the sentences imposed in similar capital cases.
As required by Rule 39(k), Ala.R.App.P., we have carefully searched the entire record for error, plain or otherwise, that would have adversely affected Ingram's substantial rights, and we have found none. We have also reviewed the briefs and considered all issues raised by Ingram, and we have reviewed the record of the guilt phase and the sentencing phase of the trial. We conclude that Ingram received a fair trial.
The judgment of the Court of Criminal Appeals affirming Ingram's conviction and death sentence is affirmed.
AFFIRMED. *Page 1286 
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.