The appellant, Charles Watson, was indicted and charged with one count of the unlawful possession of a controlled substance, cocaine, a violation of § 13A-12-212, Ala. Code 1975 (case no. CC-00-4414). In a subsequent indictment (case no. CC-00-4600), Watson was indicted and charged with murder made capital in the death of Darrell Bentley, because Bentley was killed during the course of first-degree robbery, see §13A-5-40(a)(2), Ala. Code 1975; alternatively, the indictment charged Watson with the intentional murder of Darrell Bentley, a violation of § 13A-6-2, Ala. Code 1975. The cases were consolidated for trial.
After hearing the evidence, the jury convicted Watson of unlawful possession of cocaine, of capital murder, and of intentional murder. The circuit court then sentenced Watson to 10 years' imprisonment for the cocaine possession conviction, life imprisonment without the possibility of parole for the capital-murder conviction, and life imprisonment for the murder conviction. All of the sentences were to run consecutively. This appeal followed.
 I.
Our review of the record reveals that Watson's trial was originally set to begin on June 19, 2001. The record indicates that a jury was selected and sworn on that day. However, one of Watson's appointed attorneys was absent from the courtroom for a portion of June 21, 2001, without notice to or permission from the court regarding his absence. Counsel subsequently returned to the courtroom, with an unsatisfactory explanation for his absence. Moreover, further investigation by the court revealed that Watson's remaining counsel did not meet the requirement of § 13A-5-54, Ala. Code 1975, for representing an indigent defendant charged with a capital offense, i.e., he had not practiced criminal law for five years. Given these circumstances, the court determined that "manifest necessity" warranted a mistrial. The court entered a detailed written order setting forth its reasons for declaring a mistrial. (C. 140-42.)
The trial court appointed new counsel for Watson, and his trial was reset for January 2002. On December 14, 2001, counsel filed a motion to dismiss, based on double-jeopardy grounds. The motion stated:
 "Comes now [Charles Watson] by and through his undersigned counsel, and moves this Honorable Court to dismiss the above cases based on double jeopardy and shows as grounds the following:
"1. That [Watson] wanted the trial to proceed.
"2. That the jury was struck and sworn.
 "Wherefore, premises considered, [Watson] respectfully requests this Honorable Court to dismiss the case at bar."
(C. 110.)
On January 8, 2002, immediately before jury selection began, the court heard argument on Watson's motion to dismiss. (R. 14-15.) The gist of defense counsel's argument was simply a recitation of the grounds stated in Watson's motion. The *Page 332 
court, referencing the reasons contained in its June 21, 2001, order, denied Watson's motion, and the trial commenced. On January 11, 2002, the jury returned a verdict, finding Watson guilty of possession of cocaine, capital murder, and murder. Following a separate sentence hearing on February 22, 2002, the court sentenced Watson as set out above.
On appeal, Watson argues that the circuit court abused its discretion when it declared a mistrial during his first trial. Specifically, Watson argues that the "reasons set forth by the trial court for declaring the mistrial are skewed, and some are outright false." (Watson's brief, p. 3.)
Our review of the record establishes that at no point before his appeal did Watson argue that the reasons in the court's written order for declaring a mistrial were "skewed" or "outright false."[1] Thus, this claim is being raised for the first time on appeal, and it is therefore not properly before this Court for review. "The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved." Bland v. State, 395 So.2d 164, 168 (Ala.Crim.App. 1981). See also Finch v. State, 715 So.2d 906, 911 (Ala.Crim.App. 1997). Moreover, "[a]n objection based on a specific ground `waives all other grounds not specified, and the trial court will not be put in error for grounds not assigned at trial.'" Tuohy v. State, 776 So.2d 896, 901 (Ala.Crim.App. 1999) (quoting Glass v. State, 671 So.2d 114, 120 (Ala.Crim.App. 1995)). "Review by this court is limited to matters properly raised before the trial court." Owens v. State, 825 So.2d 861, 863 (Ala.Crim.App. 2001). Because Watson did not preserve his challenge to the circuit court's decision to declare a mistrial in his first trial, no basis for reversal exists with regard to this specific claim of error.[2]
 II.
As stated above, Watson was convicted of both capital murder and intentional murder in the death of Darrell Bentley. Although Watson does not present this specific claim on appeal and did not object in the circuit court that he had been subjected to double jeopardy after the jury returned its verdicts and the court entered judgments of conviction on both the capital-murder conviction and the intentional-murder conviction, we are nevertheless obligated to review this issue. Because the double-jeopardy transgression in this case implicates the circuit court's jurisdiction to render a judgment, we will address this matter. See Rolling v. State, 673 So.2d 812, 816 (Ala.Crim.App. 1995) (the circuit court did not have jurisdiction to enter judgments of conviction for both felony murder and reckless manslaughter, arising from death of the same victim, where reckless manslaughter was a lesser-included offense to felony murder). See also Ex parte McKelvey, 630 So.2d 56
(Ala. 1992). *Page 333 
Section 13A-1-8(b), Ala. Code 1975, provides, in pertinent part, as follows:
 "(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in Section 13A-1-9."
Intentional murder, as defined in § 13A-6-2(a)(1), Ala. Code 1975, is a statutory element of the capital offense of murder committed during first-degree robbery, as that offense is defined in § 13A-5-40(a)(2), Ala. Code 1975; therefore, the State must prove the element of intentional murder to support a conviction for the capital offense of murder committed during a first-degree robbery. See, e.g., Mangione v.State, 740 So.2d 444, 449 (Ala.Crim.App. 1998). Thus, intentional murder is a lesser offense to the offense of murder made capital because it was committed during first-degree robbery. Because the intentional murder of Darrell Bentley as charged in count II of the indictment in case no. CC-00-4600 was an element of the capital offense of murder during the course of a first-degree robbery, as charged in count I of that same indictment, Watson could not be convicted of both counts. As we noted inBorden v. State, 711 So.2d 498, 503 (Ala.Crim.App. 1997), aff'd,711 So.2d 506 (Ala. 1998):
 "We recognize that the trial court may, and indeed should, properly submit to the jury all counts of an indictment and lesser included offenses reasonably supported by the evidence, notwithstanding the fact that some of the lesser included offenses constitute the `same offense' for double jeopardy purposes. Rolling[_v. State], 673 So.2d [812] at 815 n. 1 [(Ala.Crim.App. 1995)], citing Ball v. United States, 470 U.S. 856, 865, 105 S.Ct. 1668, 1673-74, 84 L.Ed.2d 740 (1985), and King v. State, 574 So.2d 921, 935-36 (Ala.Cr.App. 1990) (Bowen, J., concurring specially). See § 13A-1-8(b). However, where, as here, the jury returns guilty verdicts for both a capital offense alleged in one count of the indictment and the lesser included offense of intentional murder . . . [as] alleged in another count of the indictment, and the same murder was an element of the capital offense and the intentional murder conviction, the trial court should enter a judgment on only one of the offenses. See Coral[_v. State], 628 So.2d [954] at 958 [(Ala.Crim.App. 1992)]."
(Footnote omitted.) See also Simmons v. State, 797 So.2d 1134, 1184
(Ala.Crim.App. 1999); Ingram v. State, 779 So.2d 1225, 1241
(Ala.Crim.App. 1999), aff'd, 779 So.2d 1283 (Ala. 2000). Accordingly, this cause is remanded for the circuit court to vacate Watson's conviction for intentional murder, as charged in count II of the indictment in case no. CC-00-4600. We note, however, that Watson's conviction for capital murder under count I of the indictment was proper in this regard, "`and thus it stands.'" Borden v. State, 711 So.2d at 504 (quoting Coral v. State, 628 So.2d at 958).
Based on the foregoing, Watson's conviction for possession of cocaine in case no. CC-00-4414 and his conviction for capital murder under count I in case no. CC-00-4600, and the resulting sentences are due to be, and they are hereby, affirmed. However, as discussed in Part II of this opinion, Watson's conviction for intentional murder as charged in count II of the indictment in case no. CC-00-4600 is reversed, and this cause is remanded to the circuit court with directions to vacate its judgment as to that conviction. *Page 334 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Watson argues that a portion of the original trial transcript contradicts the court's reasons for declaring a mistrial. Although he attaches pages from that transcript as an appendix to his appellate brief, those pages are not properly before this Court. See Chandler v.State, 677 So.2d 1286, 1287 (Ala.Crim.App. 1996) ("`[a]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal.'" (quoting Huff v. State, 596 So.2d 16, 19
(Ala.Crim.App. 1991))).
[2] We note that had counsel elected to file the motion to dismiss earlier, he could have petitioned this Court for mandamus review of the circuit court's denial of the motion. See Ex parte Ziglar, 675 So.2d 543
(Ala.Crim.App. 1996) (petition for a writ of mandamus is the appropriate method by which to challenge a pretrial ruling on a motion to dismiss based on double jeopardy).