Jason Lee Holloway appeals the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. The petition sought relief from his July 2003 convictions for the capital murder of Rodney and Angela Brown (count I), the intentional murder of Rodney Brown (count II), and the capital murder of Angela Brown during the course of a burglary (count III).[1] Holloway was sentenced to life imprisonment without the possibility of parole for the convictions on counts I and III and was sentenced to life imprisonment for his conviction on count II. This Court affirmed Holloway's convictions in an unpublished memorandum.Holloway v. State, 920 So.2d 608 (Ala.Crim.App. 2004) (table).
Holloway initially filed his Rule 32 petition for postconviction relief while his direct appeal was pending before this Court. The Chambers Circuit Court dismissed Holloway's petition as untimely filed. (C. 22.) Holloway appealed the dismissal to this Court. Noting that the trial court lacked jurisdiction over the case because the direct appeal was currently pending before this Court, this Court dismissed *Page 731 
Holloway's appeal of the dismissal of his Rule 32 petition and directed the trial court to set aside its dismissal and hold Holloway's petition in abatement until this Court issued its certificate of judgment on the direct appeal. (C. 27.) This Court issued a certificate of judgment on the direct appeal on September 1, 2004. (C. 29.) On or about December 20, 2004, Holloway amended his Rule 32 petition alleging that the trial court failed to grant him an allocution during the sentencing hearing. (C. 35-36.) The trial court dismissed Holloway's petition on October 12, 2005, stating that all the issues raised in Holloway's petition were either raised and addressed on direct appeal or should have been raised in that appeal. (C. 44.)
On appeal, Holloway does not present all of the allegations stated in his petition regarding the trial court's lack of jurisdiction to render judgment or to impose a sentence and ineffective assistance of counsel. Thus, we will address only those issues presented in his brief; the other issues are deemed abandoned. See Brownlee v. State, 666 So.2d 91
(Ala.Crim.App. 1995).
 I. Jurisdictional Claims
In his brief to this Court, Holloway argues that the trial court lacked jurisdiction to render judgment or to impose a sentence because the indictment charging Holloway with capital murder of Rodney Brown and Angela Brown during the course of a crime (count II) did not state specifically what crime Holloway intended to commit in the dwelling when the murders occurred and because the trial court allegedly amended the indictment by its oral instructions to the jury. Although a defective indictment that did not allege all the elements of a crime formerly divested a court of jurisdiction, that is no longer the case. In Ex parte Seymour, 946 So.2d 536, 539
(Ala. 2006), the Alabama Supreme Court held that "a circuit court has subject-matter jurisdiction over a felony prosecution, even if that prosecution is based on a defective indictment."
Holloway also argues that the trial court lacked jurisdiction to impose a sentence upon him because, he says, he was deprived of the right to allocution. Assuming, for the sake of argument, that Holloway was deprived of the right to allocution, that omission does not deprive the trial court of jurisdiction. As this Court recently held: "A claim that a defendant was not afforded the opportunity to address the court before the sentence is imposed is not a jurisdictional claim." Shaw v.State, 949 So.2d 184, 187 (Ala.Crim.App. 2006). Thus, Holloway is not entitled to any relief as to his alleged jurisdictional claims.
 II. Ineffective-Assistance-of-Counsel-Claims
Holloway argues that he received ineffective assistance from his trial counsel because trial counsel (1) failed to move to dismiss the capital-murder indictments that failed to specify the crime Holloway had committed contemporaneous to the murders, (2) failed to object to the trial court's omission of a jury instruction on the statutory elements of capital murder as defined in § 13A-5-40(a)(10), and (3) failed to object to the amendment of the indictment by the trial court's jury instructions. He also alleges that he received ineffective assistance of appellate counsel because, he says, appellate counsel did not raise the issue of trial counsel's ineffectiveness on direct appeal.
In order to prevail on an ineffective-assistance-of-counsel-claim, Holloway must satisfy the two-pronged test set forth by the United States Supreme Court in *Page 732 Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Holloway must show not only that counsel's performance was deficient, but must also show that the deficiency prejudiced him. Strickland, supra.
"This Court indulges the presumption that trial counsel's representation was sufficient and that counsel's assistance was effective." Bowen v. State, 899 So.2d 310, 312
(Ala.Crim.App. 2004).
Holloway's claims of ineffective assistance of counsel are without merit because he is unable to show that he was prejudiced by his counsel's performance. Holloway argues that trial counsel should have moved the trial court to dismiss the capital-murder indictments because the indictments failed to specify the crime Holloway committed contemporaneous to the murders. Even if his trial counsel had moved to dismiss the indictments, however, the trial court could have, as it actually did during the jury charges, amended the indictment. In Carruth v. State, 927 So.2d 866
(Ala.Crim.App. 2005), we noted:
 "Although the indictment did not allege the specific crime Carruth intended to commit inside the dwelling, see, e.g., Lanier v. State, 733 So.2d 931, 936 (Ala.Crim.App. 1998), and Popwell v. State, 480 So.2d 41, 45 (Ala.Crim.App. 1985) (both holding that a burglary indictment must allege the specific crime the accused intended to commit in the dwelling), the trial court amended the indictment during its jury instructions when it instructed the jury that to find Carruth guilty of capital murder during a burglary it had to find that Carruth intended to commit the crime of theft inside the dwelling. See, e.g., Ash v. State, 843 So.2d 213 (Ala. 2002) (a trial court can amend an indictment through its jury instructions), and Hampton v. State, 815 So.2d 571 (Ala.Crim.App. 2001) (holding that an indictment that fails to charge a mens rea element but otherwise validly charges a crime may be amended to add the mens rea element)."
927 So.2d at 878-79, n. 6. Such amendment may be made over the objection of a defendant. Rule 13.5(a), Ala. R.Crim. P., states:
 "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
(Emphasis added.) Thus, Holloway could not have been prejudiced by his attorney's failure to move to dismiss the indictment.
Likewise, Holloway's claim that trial counsel was ineffective for not objecting to the trial court's failure to instruct the jury as to the statutory elements of capital murder as defined in § 13A-5-40(a)(10) is without merit. When considering a trial court's jury instructions, this Court must review the instructions as a whole, and not in isolation. See, e.g.,Yeomans v. State, 898 So.2d 878, 898
(Ala.Crim.App. 2004). The trial court's instructions to the jury as to count I were as follows:
 "Ladies and Gentlemen, that concludes some general principles of law that applies to any criminal case. Now, I will go over with you specific law pertaining to this case. And, I'm going to begin with count one.
 "The defendant is charged with capital murder. The law states that the intentional murder of two or more persons is capital murder. A person commits an intentional murder of two or more persons, if he causes the death of two or *Page 733 
more persons and in performing the act that causes the death of those persons, he intends to kill each of those people.
 "To convict, the State must prove beyond a reasonable doubt each of the following elements of an intentional murder of two or more persons.
 "One, that Rodney Brown is dead.
 "Two, that Angela Brown is dead.
 "Three, that the defendant Jason Holloway caused the deaths of Rodney Brown and Angela Brown by shooting Rodney Brown with a pistol or gun and by shooting Angela Brown with a pistol or gun and/or stabbing her with a knife, or knife-like object, and/or beating her with a bat or stick-like object.
 "Four, that in committing the act which caused the deaths of both Rodney and Angela Brown, the defendant intended to kill the deceased persons.
 "A person acts intentionally when it is his purpose to cause the death of another person. The intent to kill must be real and specific.
 "If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of intentionally [sic] murder of two or more persons as charged then you shall find the defendant guilty of capital murder.
 "If you find the State has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of intentional murder of two or more persons, then you cannot find the defendant guilty of capital murder.
 "Ladies and Gentleman, I'm going straight through this charge as I said with the counts as they are found in the indictment. And then I'm going to explain to you what, if any, lesser-included offenses may apply to each of the three counts of the indictment.
 "In further connection with the charge that I have just given you on the law as it pertains to the murder of two or more persons by a single act, I charge you that a knife, when used to cut or stab a person, is a deadly weapon.
 "Because the element of intent being a state of mind or mental purpose is usually incapable of direct proof, it may be inferred from the character of the assault, the use of a deadly weapon, and other attendant circumstances.
 "Now count one covers the murder of two or more persons by one act or one scheme of conduct."
(Direct appeal R. 1333-35.) Although not the model of clarity, the instructions did inform the jury that to constitute a capital offense the two murders must have arisen out of the same scheme or conduct. Thus, Holloway's claim is without merit.
Similarly, Holloway's claim that trial counsel failed to object to the amendment of the indictment by the trial court's jury instructions is without merit. As stated previously, a trial court may amend an indictment by giving a jury instruction and such an amendment may take place over the objection of the defendant. See, e.g., Carruth v. State, 927 So.2d 866
(Ala.Crim.App. 2005), and Rule 13.5(a), Ala. R.Crim. P.
Because the aforementioned claims of ineffective assistance of trial counsel are without merit, it logically follows that appellate counsel did not err by not raising these issues on appeal. Thus, Holloway's claim of ineffective assistance of appellate counsel are likewise without merit. Therefore, Holloway is not entitled to relief as to his claims of ineffective assistance of counsel.
 III. Double-Jeopardy Concerns
Additionally, we find it necessary to address Holloway's convictions and sentence *Page 734 ex mero motu. See Thompson v. Board of Pardons Paroles, 806 So.2d 374, 375 (Ala. 2001). ("'[I]t is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.'" (quoting Ex parteSmith, 438 So.2d 766, 768 (Ala. 1983))). According to the briefs of the parties as well as the record on direct appeal, Holloway was convicted of (1) capital murder of Rodney Brown and Angela Brown, (2) intentional murder of Rodney Brown, and (3) capital murder of Angela Brown during the course of a burglary. He was sentenced to life imprisonment without the possibility of parole as to the two capital-murder convictions and to life imprisonment as to the intentional murder conviction. The conviction and sentence for both intentional murder and capital murder as to one victim violate the principles of double jeopardy.
This Court addressed a similar situation recently in Cooperv. State, 912 So.2d 1150 (Ala.Crim.App. 2005), in which we stated:
 "`Section 13A-1-8(b), Ala. Code 1975, provides, in pertinent part, as follows:
 "`"(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "`"(1) One offense is included in the other, as defined in Section 13A-1-9."
 "`Intentional murder, as defined in § 13A-6-2(a)(1), Ala. Code 1975, is a statutory element of the capital offense of murder committed during first-degree robbery, as that offense is defined in § 13A-5-40(a)(2), Ala. Code 1975; therefore, the State must prove the element of intentional murder to support a conviction for the capital offense of murder committed during a first-degree robbery. See, e.g., Mangione v. State, 740 So.2d 444, 449
(Ala.Crim.App. 1998).'
"Watson v. State, 875 So.2d 330, 333
(Ala.Crim.App. 2003).
"Thus, in Cooper's case, as in Watson, intentional murder is a lesser offense to the offense of capital murder. Because the intentional murder of Herman Daniels as charged in count I of the indictment was an element of the capital offense of the murder of Daniels during the course of a burglary, as charged in count II of that same indictment, Cooper could not be convicted of both counts.
 "`As we noted in Borden v. State, 711 So.2d 498, 503 (Ala.Crim.App. 1997), aff'd, 711 So.2d 506
(Ala. 1998):
 "`"We recognize that the trial court may, and indeed should, properly submit to the jury all counts of an indictment and lesser included offenses reasonably supported by the evidence, notwithstanding the fact that some of the lesser included offenses constitute the `same offense' for double jeopardy purposes. Rolling [v. State], 673 So.2d [812] at 815
n. 1 [(Ala.Crim.App. 1995)], citing Ball v. United States, 470 U.S. 856, 865, 105 S.Ct. 1668, 1673-74, 84 L.Ed.2d 740 (1985), and King v. State, 574 So.2d 921, 935-36 (Ala.Cr.App. 1990) (Bowen, J., concurring specially). See § 13A-1-8(b). However, where, as here, the jury returns guilty verdicts for both a capital offense alleged in one count of the indictment and the lesser included offense of intentional murder . . . [as] alleged in another count of the indictment, and the same murder was an element of the capital offense and the intentional murder conviction, the trial court should enter a judgment on only one of the *Page 735 
offenses. See Coral [v. State], 628 So.2d [954] at 958 [(Ala.Crim.App. 1992)]."
 "`(Footnote omitted.) See also Simwows v. State, 797 So.2d 1134, 1184 (Ala.Crim.App. 1999); Ingram v. State] 779 So.2d 1225, 1241
(Ala.crim.App. 1999), aff d, 779 So.2d 1283
(Ala. 2000).'
 "Watson v. State, 875 So.2d at 333." 912 So.2d at 1152-53.
We therefore remand this cause for the trial court to vacate Holloway's conviction and sentence based on count II of the indictment, i.e., intentional murder of Rodney Brown, which is a lesser-included offense of the capital murder of two or more people pursuant to the same scheme or course of action. We note, however, that Holloway's convictions under counts I and III of the indictment for capital murder were proper, "and thus [they] stand." Coral v. State, 628 So.2d 954, 958
(Ala.Crim.App. 1992).
For the foregoing reasons, the trial court's denial of Jason Lee Holloway's Rule 32 petition is affirmed. However, we remand this cause so the trial court may enter a new order vacating Holloway's conviction for intentional murder. The return to remand shall be filed within 28 days of this opinion. The convictions for capital murder stand.
AFFIRMED; REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] Holloway was indicted on three counts. Count I charged Holloway with the murder of Angela and Rodney Brown made Capital because it was committed "pursuant to one scheme or course of conduct," § 13A-5-40(a)(10), Ala. Code 1975. Count II charged Holloway with the murder of Rodney Brown made capital because it was committed during a burglary, § 13A-5-40(a)(4). Count III charged Holloway with the murder of Angela Brown made capital because it was committed during a burglary, § 13A-5-40(a)(4). The jury found Holloway guilty of counts I and III and of the lesser-included offense of intentional murder as to count II.
* Note from the reporter of decisions: On January 16, 2007, this case was submitted on return to remand. By order issued January 30, 2007, the Court of Criminal Appeals again remanded the case to the trial court. On March 9, 2007, on return to second remand, the Court of Criminal Appeals affirmed, without opinion. On March 23, 2007, that court denied rehearing, without opinion. On May 11, 2007, the Supreme Court denied certiorari review, without opinion (1060972).