The appellant, Randy Turpin Bell, appeals from the denial of his petition seeking post-conviction relief under Rule 20, A.R.Crim.P.Temp. He seeks to set aside his conviction for the capital offense of murder during a robbery and his death sentence. This is his third petition attacking the validity of the conviction and sentence.
In 1983, the appellant was indicted and convicted for the 1981 robbery-murder of Charles Mims and sentenced to death pursuant to § 13A-5-40(a)(2), Code of Alabama 1975. That conviction and sentence were affirmed on appeal. Bell v. State,475 So.2d 601 (Ala.Cr.App. 1984), aff'd, 475 So.2d 609 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585
(1985). For a detailed recitation of the facts of the case, see 475 So.2d at 603-05.
On May 1, 1986, the appellant sought post-conviction relief by way of a petition for writ of error coram nobis. This petition raised several constitutional issues. After an evidentiary hearing, the petition was denied. The judgment denying the petition was affirmed on appeal. Bell v. State,518 So.2d 840 (Ala.Cr.App. 1987), cert. denied, *Page 125 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611 (1988).
On September 17, 1987, the appellant filed his second post-conviction petition, this one pursuant to A.R.Crim.P.Temp. 20. This petition advanced a claim of newly discovered evidence. After an evidentiary hearing, this petition was denied. The judgment denying the petition was affirmed on appeal. Bell v. State, 565 So.2d 1244 (Ala.Cr.App. 1990).
On February 13, 1990, the appellant filed his third post-conviction petition, also pursuant to A.R.Crim.P.Temp. 20. This petition raised, inter alia, a Giglio issue, Giglio v.United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104
(1972). After an evidentiary hearing, this petition was denied. It is from the judgment denying this petition that this appeal is taken.
 I.
The appellant first claims that the state violated the mandate of Giglio by failing to disclose the alleged deal that it had with the key prosecution witness, Michael Joe Hubbard, that two robbery cases pending against Hubbard would be nol-prossed in return for his testimony against the appellant. After hearing the evidence presented in support of the petition, the trial court entered an order finding that the claim was procedurally barred because it was not raised in either of the two prior collateral proceedings and that the claim lacked merit.
Rule 20.2(b). A.R.Cr.P.Temp., provides:
 "A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."
Here the appellant did not show or attempt to show why he could not have discovered through reasonable diligence at the time he filed his first two petitions the alleged facts upon which this claim is based. Trial counsel was aware of at least one of the robbery charges pending against Hubbard at the time of the appellant's capital murder trial, and he extensively cross-examined him about it. The court records showing that the two robbery charges against Hubbard had been nol-prossed after his testimony against the appellant were in existence for several years prior to the filing of the first petition for post-conviction relief. The trial court found that the alleged facts supporting this claim could have been ascertained by the appellant through the exercise of reasonable diligence at the time he filed his first petition. The record supports this finding, and we concur in it. In addition, the appellant has failed to show that a failure to entertain the petition would result in a miscarriage of justice. This exception to the procedural default doctrine requires a showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Dugger v. Adams,489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). The appellant has made no attempt to show that he is factually innocent. We affirm the ruling of the trial court that the appellant's Giglio claim is procedurally barred pursuant to Rule 20.2(b).
Moreover, we agree with the trial court's finding that this claim is without merit. The testimony presented at the evidentiary hearing established, without contradiction, that there was no agreement or deal between the state and Hubbard linking the disposition of his pending robbery cases to his testimony against the appellant. The trial court found that "Hubbard did not testify pursuant to an agreement and charges pending against him were not dismissed pursuant to an agreement or because of any prosecution action." This finding is fully supported by the record. Under Rule 20.3, A.R.Cr.P.Temp., a petitioner has the burden of proving by a preponderance of the evidence the facts necessary to prove his claim. The appellant has failed to meet this burden in establishing hisGiglio claim.
 II.
In addition to the Giglio issue addressed above, the appellant raised six other *Page 126 
issues. The trial court held that these issues were procedurally barred under Rule 20.2(a)(3) and (5) because they could have been but were not raised at trial or on direct appeal, and under 20.2(b) because they were not raised in the two prior collateral petitions filed by the appellant. These issues are as follows:
 1. "Was appellant denied his rights under state and federal law by the prosecutor's statements in argument to the jury?"
 2. "Was appellant unduly prejudiced by the testimony of Carol Joiner, said testimony being to the effect that appellant used drugs?"
 3. "Was appellant denied his state and federal rights to an impartial jury, and a fair trial and sentencing by the bias of the court and the jury against him?"
 4. "Was appellant denied his state and federal rights by the court's consideration of a presentence investigation report?"
 5. "Did the trial court improperly restrict the jury's consideration of mitigating circumstances and itself fail to consider non-statutory mitigation?"
 6. "Did the court's instructions to the jury undermine the jury's role in sentencing by telling them that they were only providing a recommendation of punishment and by failing to inform them of their option to impose life?"
It is clear from reading the six issues set out above that they were known at the time of the appellant's capital murder trial, and could have been, but were not, raised at trial, or on direct appeal, or in the two prior petitions for collateral relief. The trial court's findings are therefore correct. Each of these six issues is procedurally barred from review.
 III.
The appellant claims that the trial court erred in adopting the state's proposed findings of fact and conclusions of law in its order denying the petition for post-conviction relief. The trial court did adopt verbatim the proposed order tendered by the state; however, from our review of the record, we are convinced that the findings and conclusions are those of the trial court. The record reflects that the trial court was thoroughly familiar with the case and gave the appellant considerable leeway in presenting evidence to support his claims. While the practice of adopting the state's proposed findings and conclusions is subject to criticism, the general rule is that even when the court adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. Anderson v. City ofBessemer City, N.C., 470 U.S. 564, 105 S.Ct. 1504,84 L.Ed.2d 518 (1985); Hubbard v. State, 584 So.2d 895 (Ala.Cr.App. 1991);Weeks v. State, 568 So.2d 864 (Ala.Cr.App. 1989), cert. denied, ___ U.S. ___, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990); Morrisonv. State, 551 So.2d 435 (Ala.Cr.App.), cert. denied,495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990). Our review of the record in these proceedings convinces us that the trial court's findings of fact and conclusions of law are supported by the evidence and are not clearly erroneous. We, in fact, concur in the findings and conclusions contained in the trial court's order.
For the foregoing reasons, the judgment of the circuit court denying the appellant's petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.