On Application for Rehearing

KELLUM, Judge.[1]
The appellant, Joe Nathan James, Jr., an inmate on death row at Holman Correctional Facility, appeals the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.
In May 2002, James filed a Rule 32, Ala. R.Crim. P., petition attacking his conviction and his sentence of death. The circuit court denied relief. We affirmed the circuit court’s ruling. See James v. State, 61 So.3d 332 (Ala.Crim.App.2006). James then petitioned the Alabama Supreme Court for a writ of certiorari. The Supreme Court granted certiorari review to consider whether this Court erred in sua sponte applying the procedural bars set out in Rule 32, Ala.R.Crim. P., and whether we erred in refusing to review the circuit court’s denial of James’s motion to proceed in forma pauperis. The Alabama Supreme Court reversed this Court’s judgment based on its earlier decision in Ex parte Clemons, 55 So.3d 348 (Ala.2007), decided after our earlier affirmance, and remanded the case for this Court to consider the merits of James’s ineffective-assistance-of-counsel claims and the in forma pauperis claim. See Ex parte James, 61 So.3d 352 (Ala.2009). Pursuant to the Supreme Court’s instructions, we considered those issues and found no reversible error. See James v. State, 61 So.3d 357 (Ala.Crim.App.2010). This case is now before this Court on James’s application for rehearing.
James argues in his brief on rehearing that this Court should reverse the circuit court’s order denying his Rule 32 petition because, he asserts, the circuit court erred in adopting the proposed order drafted by the State denying relief on James’s Rule 32 petition. On rehearing, James relies on the Alabama Supreme Court’s recent opinion in Ex parte Ingram, 51 So.3d 1119 (Ala.2010), and the United States Supreme Court’s decision in Jefferson v. Upton, — U.S. -, 130 S.Ct. 2217, 176 L.Ed.2d 1032 (2010).
Initially, we note that this issue was specifically addressed by this Court in our original opinion in 2006, affirming James’s conviction, and we found no error. See James, 61 So.3d at 348. On certiorari review the Alabama Supreme Court did not modify our holding in regard to this issue. The Supreme Court merely directed this Court to consider two claims — the ineffective-assistance-of-counsel claim and the in forma pauperis claim. If we considered this issue we would be acting beyond the scope of the Supreme Court’s instructions in its opinion remanding this case to this Court. “On remand, the issues decided by a [reviewing court] become the law of the case, and the [lower court’s] duty is to comply with the directions given by the reviewing court.” Ellis v. State, 705 So.2d 843, 847 (Ala.Crim.App.1996).
Moreover, after reviewing the cases cited by James we conclude that they are factually distinguishable from and thus inapplicable to the present case.
*385 First, the portions of the circuit court’s order the Alabama Supreme Court found objectionable in Ingram were references that the judge in the Rule 32 proceedings had personally presided over Ingram’s trial. In Ingram, the judge who presided over the trial was not the same judge who presided over the Rule 32 proceedings. The Supreme Court stated:
“[Ajppellate courts must be careful to evaluate a claim that a prepared order drafted by the prevailing party and adopted by the trial court verbatim does not reflect the independent and impartial findings and conclusions of the trial court. In Bell v. State, 593 So.2d 123 (Ala.Crim.App.1991) — the case the Court of Criminal Appeals quoted in Ingram II [, 51 So.3d 1094 (Ala.Crim.App.2006)] for the ‘clearly erroneous’ standard of review — the Court of Criminal Appeals observed:
“‘The trial court did adopt verbatim the proposed order tendered by the state; however, from our review of the record, we are convinced that the findings and conclusions are those of the trial court. The record reflects that the trial court was thoroughly familiar with the case and gave the appellant considerable leeway in presenting evidence to support his claims.’
“Bell, 593 So.2d at 126 (emphasis added). The undisputed facts in the present case obviously prevent a similar conclusion here.
“We are forced by the nature of the errors present in the June 8 order to reverse the judgment of the Court of Criminal Appeals. In the simplest terms, the patently erroneous nature of the statements regarding the trial judge’s ‘personal knowledge’ and observations of Ingram’s capital-murder trial undermines any confidence that the trial court’s findings of fact and conclusions of law are the product of the trial judge’s independent judgment and that the June 8 order reflects the findings and conclusions of that judge.”
Ingram, 51 So.3d at 1124-25.
The main concerns the Supreme Court found objectionable in Ingram are not present in this case; here, the same judge presided over both James’s trial and the Rule 32 proceedings. Also, as we noted in our previous opinion in this case, the circuit court allowed both “parties to submit proposed orders.” James, 61 So.3d at 339.
In Jefferson v. Upton, the United States Supreme Court remanded Jefferson’s ha-beas corpus proceedings to the lower court for that court to determine whether the state court’s factual findings warranted a presumption of correctness. The Supreme Court in granting relief stated:
“Although we have stated that a court’s ‘verbatim adoption of findings of fact prepared by prevailing parties’ should be treated as findings of the court, we have also criticized that practice. Anderson [v. City of Bessemer], 470 U.S. [564] at 572, 105 S.Ct. 1504 [ (1985) ]. And we have not considered the lawfulness of, nor the application of the habeas statute to, the use of such a practice where (1) a judge solicits the proposed findings ex parte, (2) does not provide the opposing party an opportunity to criticize the findings or to submit his own, or (3) adopts findings that contain internal evidence suggesting that the judge may not have read them. Cf. id., at 568, 105 S.Ct. 1504; Ga.Code of Judicial Conduct, Canon 3(A)(4) (1993) (prohibiting ex parte judicial communications).”
— U.S. at-, 130 S.Ct. 2223.
None of these circumstances are present in James’s case. The circuit court did not *386 solicit proposed findings ex parte; indeed, both parties were given the opportunity to submit proposed orders. Nothing in this case suggests that the trial court did not read the proposed order before signing it.
Accordingly, James’s application for rehearing is due to be overruled.
APPLICATION OVERRULED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. Judge Kellum was not a member of the Court of Criminal Appeals when the original opinion in this case was issued. This case was assigned to Judge Kellum on January 20, 2009.