BOLIN, Justice.
On August 16, 2002, Willie Earl Scott was convicted of two counts of capital murder for killing 10-year-old Latonya Sager. The murder was made capital because it was committed during a rape, see § 13A-5-40(a)(3), Ala.Code 1975, and because the victim was under the age of 14, see § 13A-5-40(a)(15), Ala.Code 1975. Additionally, Scott was convicted of first-degree rape, attempted murder, and first-degree burglary involving a different victim. The jury recommended, by a vote of 10-2, that Scott be sentenced to death. The trial court accepted the jury's recommendation *1268 and sentenced Scott to death. The trial court also sentenced Scott to life imprisonment for each of the noncapital convictions, the sentences to be served consecutively.
On direct appeal, the Court of Criminal Appeals remanded the case for the trial court to correct a deficiency in the capital-sentencing order. Scott v. State, 937 So.2d 1065 (Ala.Crim.App.2005). On May 27, 2005, on return to remand, the Court of Criminal Appeals affirmed Scott's capital-murder convictions and death sentence. Scott v. State, 937 So.2d at 1088 (opinion on return to remand). On September 16, 2005, the Court of Criminal Appeals overruled Scott's application for rehearing. Subsequently, Scott petitioned this Court for certiorari review, which this Court denied on February 17, 2006 (case no. 1050013). Thereafter, Scott petitioned the United States Supreme Court for certiorari review, which that court denied on October 2, 2006. See Scott v. Alabama, 549 U.S. 841, 127 S.Ct. 99, 166 L.Ed.2d 71 (2006).
On February 15, 2007, Scott, with the assistance of counsel, filed a Rule 32, Ala. R.Crim. P., petition in the trial court asserting a number of claims challenging his capital convictions, including ineffective assistance of counsel and a number of constitutional violations. Scott specifically alleged that his trial counsel failed to properly question his competency to stand trial and failed to adequately investigate the underlying facts and mitigating circumstances. Scott also alleged that the trial court interfered with his attorney-client relationship and failed to sua sponte initiate a further competency hearing during the course of trial.
On May 11, 2007, Scott filed a motion seeking discovery of a number of documents he alleged were relevant to his Rule 32 proceeding, including records pertaining to himself, the victims, and assorted family members of the victims'; records pertaining to physical evidence; and documents pertaining to the investigation of the offenses. On May 29, 2007, the State filed an answer to Scott's petition, challenging the claims in Scott's petition on preclusionary, pleading, and evidentiary grounds.
On July 10, 2007, the trial court requested from the State an electronic copy of its answer to Scott's Rule 32 petition. That same day, the State provided the trial court the requested electronic copy of its answer. The State also informed counsel for Scott that same day that the trial court had requested the electronic copy of its answer and that it had provided the same to the trial court.[1]
On July 20, 2007, the State and Scott filed a joint status update asking the trial court to advise the parties if the court wanted either party to provide any additional information. The request further indicated that the State anticipated filing a motion to dismiss the petition "later this year" and that Scott would respond to the motion to dismiss "soon thereafter." It appears that the trial court did not receive timely notice from the clerk's office that this status-update request had been filed by the parties.
On July 30, 2007, the trial court issued a written order summarily denying Scott's Rule 32 petition on preclusionary, pleading, and evidentiary grounds. The trial court adopted nearly verbatim as its order *1269 the State's answer to Scott's Rule 32 petition. On August 10, 2007, Scott filed a motion asking the trial court to reconsider the summary denial of his Rule 32 petition. Scott also filed an objection to the trial court's "wholesale and nearly verbatim" adoption of the State's answer as its order dismissing his Rule 32 petition. Scott argued that the trial court's substantial adoption of the State's answer indicates the absence of an independent and objective evaluation by the trial court of the merits of his Rule 32 petition. On September 5, 2007, the trial court denied Scott's motion to reconsider and the objection to the trial court's adoption of the State's answer as its order. Scott filed a timely notice of appeal to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed the trial court's order denying Scott's Rule 32 petition, Scott v. State, 262 So.3d 1239 (Ala.Crim.App.2010), and overruled Scott's application for a rehearing on June 11, 2010. Thereafter, Scott petitioned this Court for a writ of certiorari, which we granted to determine whether the trial court's adoption of the State's answer to Scott's Rule 32 petition as its order denying Scott's petition conflicts with this Court's decision in Ex parte Ingram, 51 So.3d 1119 (Ala.2010).
Standard of Review
" 'This Court reviews pure questions of law in criminal cases de novo.' " Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003) ).
Discussion
In Ex parte Ingram, 51 So.3d 1119 (Ala.2010), the defendant was convicted in 1995 of capital murder and was sentenced to death. The defendant's conviction and sentence were affirmed on direct appeal. On February 1, 2002, the defendant filed a Rule 32, Ala. R.Crim. P., petition. In March 2002, the State filed a response to the defendant's petition and a motion for a partial summary dismissal. In April 2002, the defendant filed a response to the State's motion for a partial summary dismissal and an amended Rule 32 petition, which also requested full discovery and funds to allow the defendant to hire certain experts. In July 2002, the State filed responses to the defendant's motions and to his amended Rule 32 petition.
On May 20, 2004, the State filed a proposed order denying the defendant's Rule 32 petition. The defendant did not respond to the State's proposed order. Judge Jerry L. Fielding, who had presided over the defendant's capital-murder trial in 1995, retired while the Rule 32 proceedings were pending, and the case was assigned to Judge William E. Hollingsworth.
On June 8, 2004, Judge Hollingsworth entered an order denying the defendant's Rule 32 petition. The order adopted verbatim the proposed order filed by the State on May 20, 2004, the only modifications being that the heading stated "Order" rather than "Proposed Order" and the signature page contained Judge Hollingsworth's signature rather than Judge Fielding's. Judge Hollingsworth did not hold a hearing or a status conference on the defendant's petition and pending motions and did not explicitly address in the June 8 order the defendant's pending motions. On July 21, 2004, Judge Hollingsworth entered an order purporting to rescind the June 8 order. On September 7, 2004, the Court of Criminal Appeals directed the trial court to set aside its July 21 order, holding that the trial court had lost jurisdiction to modify its June 8 order.
The Court of Criminal Appeals ultimately affirmed the summary denial of the defendant's Rule 32 petition. See *1270 Ingram v. State , 51 So.3d 1094 (Ala.Crim.App.2006). The defendant petitioned this Court for a writ of certiorari, which this Court granted in order to determine whether the June 8 order represented the actual findings and conclusion of the trial court.
The defendant noted on appeal that the Supreme Court of the United States had criticized courts for adopting verbatim findings of fact prepared by a prevailing party, Anderson v. City of Bessemer, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), and that the appellate courts of this State have warned against the wholesale adoption as the trial court's order of proposed findings of fact and conclusions of law drafted by a party. Weeks v. State, 568 So.2d 864 (Ala.Crim.App.1989). Specifically, the defendant contended that, based on certain errors contained in the June 8 order, the trial judge could not have read the proposed order submitted by the State before signing it and issuing it as the order of the court; therefore, he argued, the June 8 order could not represent the actual and independent findings of the trial court.
In reversing the Court of Criminal Appeals' affirmance of the trial court's order dismissing the defendant's Rule 32 petition, this Court stated:
"It is axiomatic that an order granting or denying relief under Rule 32, Ala. R.Crim. P., must be an order of the trial court. It must be a manifestation of the findings and conclusions of the court. Although no authority other than the creation of the judicial branch and the delegation of judicial authority to the circuit courts of this State in the Alabama Constitution, Ala. Const. 1901, Amend. No. 328, § 6.01(a) (now § 139(a), Ala. Const. 1901 (Off.Recomp.)), is necessary to support this proposition, the provisions of Rules 32.1 through 32.10, Ala. R.Crim. P., also provide support. Among other things, Rule 32.7(d) states that '[if] the court determines' certain matters to be true, it may summarily dismiss the petition; Rule 32.9(c) provides that '[i]f the court finds in favor of the petitioner, it shall enter an appropriate order'; Rule 32.9(d) states that '[t]he court shall make specific findings of fact relating to each material issue of fact presented'; and Rule 32.10 refers to 'the decision of a circuit court.'
"....
"... [T]he general rule is that, where a trial court does in fact adopt the proposed order as its own, deference is owed to that order in the same measure as any other order of the trial court. In Dobyne v. State, 805 So.2d 733, 741 (Ala.Crim.App.2000), the Court of Criminal Appeals stated:
" ' " 'While the practice of adopting the state's proposed findings and conclusions is subject to criticism, the general rule is that even when the court adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous.' " '
" 805 So.2d at 741 (quoting other cases; emphasis added). In McGahee v. State, 885 So.2d 191, 229-30 (Ala.Crim.App.2003), the Court of Criminal Appeals stated that 'even when a trial court adopts verbatim a party's proposed order, the findings of fact and conclusions of law are those of the trial court and they may be reversed only if they are clearly erroneous.' Cf. United States v. El Paso Natural Gas Co., 376 U.S. 651, 656, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964) (expressing disapproval of the 'mechanical' adoption of findings of fact prepared by a party, but stating that such findings *1271 are formally those of the trial judge and 'are not to be rejected out-of-hand').
"In this unusual case, however, we cannot conclude that the above-stated 'general rule' is applicable. That is, despite the fact that the trial judge signed the June 8 order, we cannot conclude that the findings and conclusions in that order are in fact those of the court itself.
"The June 8 order begins as follows:
" 'Having considered the first amended Rule 32 petition presented to the Court, the State of Alabama's amended answer, the State of Alabama's motions to dismiss, the evidence presented at trial, and the events within the personal knowledge of the Court, the Court makes the following findings of fact and conclusions of law and summarily dismisses and denies the claims in Ingram's first amended Rule 32 petition.'
"(Emphasis added.) After a rendition of the facts of the case, the June 8 order states:
" 'The findings by the Court of Criminal Appeals [in Ingram v. State, 779 So.2d 1225 (Ala.Crim.App.1999),] guide the Court in its resolution of the issues presented in the first amended Rule 32 petition. The Court is also relying on the trial transcript where necessary to support the Court's findings and the resolution of this Rule 32 petition. In addition, this Court presided over Ingram's capital murder trial and personally observed the performance of both lawyers throughout Ingram's trial and sentencing.'
"(Emphasis added.)
"The obvious problem with the emphasized portions of the above-quoted passages from the June 8 order is that Judge Fielding, not Judge Hollingsworth, presided over Ingram's capital-murder trial. Although minor factual errors understandably find their way into orders drafted by trial courts in handling busy dockets, an error as to whether the judge in fact sat as the trial judge in a capital-murder trial and is basing his decision on personal observations and personal knowledge acquired by doing so is the most material and obvious of errors.
"Ingram contends that the nature of these errors indicates that the trial judge did not even read the proposed order submitted by the State before signing and issuing it as the order of the court and that the June 8 order cannot represent the actual and independent findings of the trial court. Ingram further contends that Judge Hollingsworth's attempt in the July 21 order to rescind the June 8 order and to recuse himself from the case confirms that Judge Hollingsworth recognized that the June 8 order was fatally flawed.
"Despite the erroneous statements in the June 8 order, the Court of Criminal Appeals affirmed the judgment of the trial court in summarily dismissing Ingram's Rule 32 petition based upon the standard of review an appellate court employs in evaluating findings of fact and conclusions of law even when those findings and conclusions are adopted verbatim from the prevailing party. The Court of Criminal Appeals quoted the following passage from Dobyne:
" ' " ' "While the practice of adopting the state's proposed findings and conclusions is subject to criticism, the general rule is that even when the court adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous...."
" ' " ' Bell v. State, 593 So.2d 123, 126 (Ala.Crim.App.1991), cert. denied, *1272 593 So.2d 123 (Ala.), cert. denied, 504 U.S. 991, 112 S.Ct. 2981, 119 L.Ed.2d 599 (1992).' " '
"... The Court of Criminal Appeals concluded that 'the facts and conclusions of law in the circuit court's [June 8] order were not clearly erroneous' and that therefore the trial court's judgment was due to be affirmed. Ingram II [ Ingram v. State, 51 So.3d 1094, 1100 (Ala.Crim.App.2006) ].
"The State echoes the reasoning of the Court of Criminal Appeals, noting that Ingram failed to explain specifically how any of the trial court's findings and conclusions were clearly erroneous. The State further contends that the erroneous statements in the trial court's June 8 order are harmless because, it argues, the specific findings in the order as to Ingram's claims were not based upon the trial judge's personal knowledge. 'Instead, Judge Hollingsworth denied the individual claims in the Rule 32 petition based on his finding that the claims were not sufficiently pleaded, were not supported by the trial transcript, were decided adversely to Ingram on direct appeal, or were procedurally defaulted.'
"Though the 'clearly erroneous' standard of review may apply in cases in which the trial court has adopted, as its own, the proposed order of the prevailing party, the analysis proffered by both the Court of Criminal Appeals and the State fails to admit of the most fundamental and the first requirement: that the order and the findings and conclusions in such order are in fact those of the trial court.
"In her dissent to the opinion of the Court of Criminal Appeals in Ingram II, then Judge Cobb took note of the 'disturbing elements in the procedural history of the case and in the order itself.' 51 So.3d at 1117. Indeed, the very reason that 'the practice of adopting the state's proposed findings and conclusions is subject to criticism,' Dobyne, 805 So.2d at 741, is because 'there is an inevitable erosion of the confidence of an appellate court that the findings reflect the considered judgment of the trial court.' Prowell v. State, 741 N.E.2d 704, 709 (Ind.2001).
"Accordingly, appellate courts must be careful to evaluate a claim that a prepared order drafted by the prevailing party and adopted by the trial court verbatim does not reflect the independent and impartial findings and conclusions of the trial court. In Bell v. State, 593 So.2d 123 (Ala.Crim.App.1991) -the case the Court of Criminal Appeals quoted in Ingram II for the 'clearly erroneous' standard of review-the Court of Criminal Appeals observed:
" 'The trial court did adopt verbatim the proposed order tendered by the state; however, from our review of the record, we are convinced that the findings and conclusions are those of the trial court. The record reflects that the trial court was thoroughly familiar with the case and gave the appellant considerable leeway in presenting evidence to support his claims.'
" Bell, 593 So.2d at 126 (emphasis added). The undisputed facts in the present case obviously prevent a similar conclusion here.
"We are forced by the nature of the errors present in the June 8 order to reverse the judgment of the Court of Criminal Appeals. In the simplest terms, the patently erroneous nature of the statements regarding the trial judge's 'personal knowledge' and observations of Ingram's capital-murder trial undermines any confidence that the trial *1273 court's findings of fact and conclusions of law are the product of the trial judge's independent judgment and that the June 8 order reflects the findings and conclusions of that judge."
Ex parte Ingram, 51 So.3d at 1122-25 (footnote omitted; some emphasis added).
Scott argues that the trial court's order contains the same citation to caselaw that had been overruled by this Court two years before the entry of the trial court's order and the same typographical errors as contained in the State's answer. Moreover, Scott contends that because the trial court adopted nearly verbatim the State's answer as its order, the order is infected with the adversarial zeal of the State's counsel. Thus, Scott argues that the trial court's order cannot reflect the independent and impartial findings of the trial court and cannot be the product of the trial court's independent judgment. As for Scott's claim that the presence in the trial court's order of the same typographical errors contained in the State's answer is evidence that the trial court's order is not a product of the independent judgment of the trial court, we note that Scott has directed this Court to only two examples of such typographical errors appearing in the approximately 58 pages of text that constitute the State's answer and the trial court's order. This Court recognized in Ex parte Ingram that sometimes minor errors find their way into orders drafted by trial courts. We do not consider the few typographical errors at issue here, by themselves, as sufficient evidence upon which to base a conclusion that the trial court's order is not a product of the trial court's independent judgment. The fact that the same typographical errors appear in the same locations in both the State's answer and the trial court's order does, however, bolster this Court's conclusion reached infra that the trial court's order is not a product of its independent judgment. We also note that the State's answer and the trial court's order are both 58 pages in length. Again, although this fact alone is insufficient evidence upon which to base a conclusion that the order is not a product of the trial court's independent judgment, it bolsters this Court's conclusion reached infra that the trial court's order is not a product of its independent judgment.
Further, Scott notes that in adopting the State's answer the trial court repeated in its order the State's citation to and reliance upon Williams v. State, 783 So.2d 108 (Ala.Crim.App.2000), a case that had been overruled by this Court approximately two years before the trial court entered its order in this case. In Ex parte Taylor, 10 So.3d 1075 (Ala.2005), this Court by implication overruled the Court of Criminal Appeals' holding in Williams that " 'a finding of no manifest injustice under the "plain error" standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in Strickland v. Washington, 466 U.S. 668 (1984).' " Williams, 783 So.2d at 133 (quoting State v. Clark, 913 S.W.2d 399, 406 (Mo.Ct.App.1996) (footnote omitted)). The trial court did not cite Williams for purposes of that holding; rather, it is clear that Williams was cited in support of the trial court's conclusion that Scott had failed to satisfy his burden of pleading under Rule 32. There is no error in citing and relying upon a case for a particular proposition of law when that case has been reversed on a ground other than the specific proposition of law being relied upon. The trial court's citation to Williams in this case does not rise to the level of a material and obvious error as contemplated by the holding in Ex parte Ingram, supra. Accordingly, we do not consider the trial court's citation to *1274 Williams as evidence indicating that the trial court's order is not a product of the trial court's independent judgment.
More troubling is Scott's contention that because the trial court adopted verbatim the State's answer as its order, the order is infected with the same adversarial zeal of the State's counsel as is the answer. Scott contends that, although an order prepared by a party for the proposed adoption by the trial court purports to be disinterested, the adversarial zeal of counsel all too often infects the adopted order of the trial court, which is supposed to contain disinterested findings. See Cuthbertson v. Biggers Bros., Inc., 702 F.2d 454 (4th Cir.1983). Scott contends that an answer is a pleading that never is prepared with the pretense of impartiality. We agree. As Scott contends, an answer, by its very nature, is adversarial and sets forth one party's position in the litigation. It makes no claim of being an impartial consideration of the facts and law; rather, it is a work of advocacy that exhorts one party's perception of the law as it pertains to the relevant facts. The Court of Criminal Appeals acknowledged the nature of the State's answer in this case, stating that "the pleading clearly advocated and sought summary dismissal of the majority of Scott's claims." Scott v. State, 262 So.3d at 1246.
This Court stated in Ex parte Ingram that the "appellate courts must be careful to evaluate a claim that a prepared order drafted by the prevailing party and adopted by the trial court verbatim does not reflect the independent and impartial findings and conclusions of the trial court." Ex parte Ingram, 51 So.3d at 1124 (emphasis added). Here, we do not even have the benefit of an order proposed or "prepared" by a party; rather the order is a judicial incorporation of a party's pleading as the "independent and impartial findings and conclusions of the trial court." Id. at 1124. The first and most fundamental requirement of the reviewing court is to determine "that the order and the findings and conclusions in such order are in fact those of the trial court." Id. at 1124. The trial court's verbatim adoption of the State's answer to Scott's Rule 32 petition as its order, by its nature, violates this Court's holding in Ex parte Ingram. Accordingly, we must reverse the Court of Criminal Appeals' judgment insofar as it affirms the trial court's adoption of the State's answer as its order, and we remand the case to the Court of Criminal Appeals with directions to remand the case to the trial court for that court to reverse its order dismissing Scott's Rule 32 petition and to enter a new order in light of this opinion.
REVERSED AND REMANDED.
Woodall, Stuart, Parker, and Murdock, JJ., concur.
Cobb, C.J., and Shaw, Main, and Wise, JJ., recuse themselves.*

These facts do not appear in the record; however, the State has conceded in its brief to this Court that these facts are true. Accordingly, for the purposes of this petition for certiorari review, we will accept these facts as true. See Washington v. State, 922 So.2d 145 (Ala.Crim.App.2005).

Chief Justice Cobb and Justice Shaw, Justice Main, and Justice Wise were members of the Court of Criminal Appeals when that court considered this case or Scott's earlier appeals.